**Brooks CARPENTER and Velma Pearl Carpenter, Appellants,**

**v.**

**TOWN AND COUNTRY BANK, Appellee.**

**No. 11–91–048–CV.**

Court of Appeals of Texas, Eastland.

April 4, 1991.

Rehearing Overruled May 2, 1991.

William C. Meier, Law Office of William C. Meier & Assoc., Bedford, for appellants.

Garry Lewellen, McMillan & Lewellen, Stephenville, for appellee.

OPINION

PER CURIAM.

Town and Country Bank sued Brooks Carpenter and Velma Pearl Carpenter to collect on a promissory note. The jury returned a verdict in favor of the Bank, and the trial court entered a judgment based on the verdict. The Carpenters have attempted to perfect an appeal.

On March 11, 1991, the transcript was received in this Court. The date of the trial court's signature on the judgment in the transcript is October 21, 1990. However, the docket sheet indicates the judgment was signed on November 21, 1990. The motion for new trial in the transcript is file-marked January 2, 1991.

In response to our letter notifying counsel that the transcript appeared to be untimely, the Carpenters' counsel filed a "motion to deem motion for new trial, cost bond, and transcript timely filed." In this motion, counsel states that the judgment was in fact signed on November 21 and that the motion for new trial was sent by United Parcel Service Company (UPS) on December 20, 1990, and received by the court bailiff on December 27, 1990. The motion is supported by a copy of the judgment signed by the trial judge on November 21, UPS receipts, and counsel's affidavit.

 Counsel has sufficiently established that the judgment was signed on Novem-

ber 21. Pursuant to TEX.R.CIV.P. 329b, the motion for new trial was due to be filed on or before 30 days after the judgment was signed, which made the due date to be December 21. The motion for new trial was not received until December 27, which was 36 days after the judgment was signed. TEX.R.CIV.P. 5 provides in part that:

> The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules.
>
> If any document is sent to the proper clerk by *first-class United States mail* in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and be deemed filed in time. (Emphasis added)

The motion for new trial was sent by UPS, a private courier, and not by the United States mail. Therefore, the time for filing cannot be enlarged, and the motion was not timely filed. Rule 5. Moreover, the motion was not received within the 30–day time limit. See *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corporation*, 777 S.W.2d 800 (Tex.App.—Eastland 1989), *reversed on other grounds*, 787 S.W.2d 371 (Tex.1990).

█ Absent a timely motion for new trial, the cash deposit in lieu of cost bond was due to be filed within 30 days, which would have been December 21. TEX.R.APP.P. 41(a)(1). The deposit was not made until February 11. That was 82 days after the judgment was signed, 52 days too late.

Appellee has filed a motion to dismiss the appeal because the bond was not timely filed. Appellants have responded with additional affidavits which confirm that the motion for new trial was sent by UPS and delivered to the courthouse on December 27.

The Carpenters have failed to timely perfect an appeal pursuant to TEX.R.APP.P. 41. Therefore, this Court lacks jurisdiction to consider the motion for new trial, the deposit in lieu of cost bond, the transcript, and the statement of facts as "timely filed." Appellants' motion is overruled.

Appellee's motion to dismiss is granted, and the appeal is dismissed for want of jurisdiction.