OPINION HEADING PER CUR 









                NO. 12-07-00232-CV

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS
DISTRICT

                        

TYLER, TEXAS

 

 

§          APPEAL FROM THE 

IN
THE ESTATE OF 

MARGERY
WANDA TAYLOR,      §          COUNTY COURT AT LAW NO. 2 OF

DECEASED

§          GREGG COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

PER
CURIAM

            This appeal is being dismissed for want of jurisdiction
pursuant to Texas Rule of Appellate Procedure 42.3(a).  The trial court’s judgment was signed on
January 30, 2007.  Under rule of
appellate procedure 26.1(a), unless Appellant timely filed a motion for new
trial or other postjudgment motion that extended the appellate deadlines, her
notice of appeal was due to have been filed “within 30 days after the judgment
[was] signed,” i.e., March 1, 2007.  








            Appellant’s motion for new trial was due to have been
filed on or before March 1, 2007.  See
Tex. R. Civ. P. 329b(a).  On March 2, 2007, the trial court clerk
received Appellant’s motion for new trial, which was delivered by Federal
Express.  If a document is sent to the
proper clerk by first class United States mail in a properly addressed, stamped
envelope and is deposited in the mail on or before the last day for filing, the
document is deemed timely filed if it is received by the clerk “not more than
ten days tardily.”  Tex. R. Civ. P. 5.  However, this rule does not apply when the
motion for new trial is delivered by Federal Express rather than the United
States Postal Service.  See Ackal
v. Blockbuster, Inc., No. 08-02-00268-CV, 2002 WL 31151434, at *1 (Tex.
App.–El Paso 2002, pet. denied) (not designated for publication); Carpenter
v. Town & Country Bank, 806 S.W.2d 959, 960 (Tex. App.–Eastland
1991, writ denied).  Because Appellant’s
motion for new trial was not received by the trial court clerk on or before
March 1, 2007, the motion was untimely. 
Consequently, the motion for new trial did not extend the time for
perfecting the appeal.  Tex. R. App. P. 26.1(a).  Appellant filed her notice of appeal on April
27, 2007, but had not previously filed a motion for extension of time as
permitted by Texas Rule of Appellate Procedure 26.3.  Because the notice of appeal was not filed on
or before March 1, 2007, the notice was untimely filed and this court has
no jurisdiction to consider the appeal.

            On June 26, 2007, this court notified Appellant pursuant
to Texas Rule of Appellate Procedure 42.3(a) that her notice of appeal was
untimely.  Appellant was further informed
that unless the record was amended on or before July 6, 2007 to establish the
jurisdiction of this court, the appeal would be dismissed.  In response to our June 26, 2007 notice,
Appellant filed a motion for extension of time to file her motion for new
trial.  However, we have no authority to
grant an extension of time for filing a motion for new trial.  See Tex.
R. App. P. 2 (permitting appellate court to suspend operation of
appellate rules subject to certain limitations, but making no provision for
suspending rules pertaining to filings in trial court); Tex. R. App. P. 10 (containing no provision for appellate
court to alter deadlines for filing motion for new trial).  Nor does the trial court have any such
authority.  See Tex. R. Civ. P. 5 (trial court may not
enlarge period for taking any action under the rules relating to new trial
except as stated in rules); Tex. R. Civ.
P. 329b(a) (motion for new trial shall be filed prior to or within
thirty days after judgment or other order complained of is signed).  Appellant has also filed a motion to extend
time to file her notice of appeal along with an amended notice of appeal.  A motion to extend the time for filing a
notice of appeal must be filed within fifteen days after the deadline for
filing the notice of appeal.  Tex. R. App. P. 26.3.  Thus, Appellant’s motion to extend the time
for filing her notice of appeal was due to have been filed on or before March
16, 2007.  Because Appellant did not file
her motion until July 5, 2007, the motion is untimely.  

            Appellant’s motions for extension of time to file her
motion for new trial and her notice of appeal are overruled.  Because this court is not authorized to
extend the time for perfecting an appeal except as provided by Texas Rules of
Appellate Procedure 26.1 and 26.3, the appeal is dismissed for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  All other pending motions are overruled as
moot.

Opinion
delivered July 18, 2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

(PUBLISH)