In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00050-CV

                                                ______________________________

 

 

 

         IN RE: 
ESTATE OF MARGERY WANDA TAYLOR, DECEASED

 

 

                                                                                                  


 

 

                                       On Appeal from the County
Court at Law No. 2

                                                             Gregg County, Texas

                                                       Trial Court
No. 2006-0232-P

 

                                                        
                                          

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                                        Opinion by Justice Moseley








                                                                   O P I N I O N

 

I.          FACTUAL AND PROCEDURAL BACKGROUND

            This is an appeal by Johnnie Mae
Riley of the denial of her petition for bill of review December 11, 2008. Her
bill of review sought to overturn a judgment rendered against her January 30,
2007, after a jury trial regarding a contested will, of which Riley was the
proponent.

            Following
the filing of Riley’s petition for bill of review, Ladonna Gale Suber Thigpen,
Phyllis Ann Meadors, and Harold Judson Suber[1]
filed a motion for summary judgment February 3, 2009, and on that same date,
the trial court entered an order setting a hearing on the motion for summary
judgment for March 13, 2009.[2]  Also on that day, Riley filed a motion to
recuse the court and on March 3, 2009, Riley filed an amendment of her recusal
motion.  The trial court, declining
recusal, referred the motion to the presiding administrative judge and an order
was entered March 16, 2009, denying the recusal motion.  On the same day the motion to recuse was
denied, a new order to reset the hearing on motion for summary judgment was
filed, resetting the hearing to March 27, 2009.  The judgment reflects that the summary
judgment hearing actually took place March 30, 2009.[3]  Riley was not present at the summary judgment
hearing March 30, 2009, and no motion for continuance was filed on her
behalf.  Riley filed a response to the
summary judgment motion after the hearing April 16, 2009. 

            The trial court entered a
summary judgment[4] April 17, 2009,
in favor of Thigpen, denying Riley’s petition for bill of review.[5]
 The summary judgment, in an unusual
twist, in addition to denying the petition for bill of review, set out certain observations
and findings.[6]  Thereafter, on May 28, 2009, Riley filed a
motion for new trial.[7]
 Hearing
on the motion was set for June 17, 2009.  The order setting this hearing was mailed to
Riley by Connie Wade, Gregg County Clerk, on June 15, 2009.  Riley indicates that she failed to receive
the notice of the hearing until after 5:00 p.m. on June 17, 2009, and, thus,
did not appear.  On June 22, 2009, an
order denying Riley’s motion for new trial was entered.[8]


            Riley then
filed a motion to vacate the order denying motion for new trial, this motion
being set for hearing August 5, 2009.[9]  On August 17, 2009, an order denying the
motion to vacate was entered, based upon the lack of plenary power in the trial
court, and on the secondary basis that even if the motion for new trial had
been timely filed, the grounds alleged were insufficient to warrant the grant of
a new trial.  Essentially, Riley appeals
from the entry of the summary judgment.  Riley
asserts a number of additional appellate points, as listed below. 

II.        ISSUES ON APPEAL

            Riley maintains that actions of
the trial court were in error in the following respects:

            1)         the
trial court erred by granting a summary judgment against Riley;

 

            2)         the
trial court erred in failing to grant a new trial because Riley did not receive
notice of the hearing date and time until after the hearing had taken place;

 

            3)         the
trial court erred in failing to rule that Riley timely filed her motion for new
trial by mailing the motion via United States mail on the day it was due;

 

            4)         the
trial court erred in failing to rule that Riley’s motion to vacate order
denying motion for new trial was not an amended motion for new trial;

 

            5)         the
auxiliary judicial district judge erred in failing to rule that the reasons
presented in Riley’s motion to recuse were sufficient to be granted;

 

            6)         the
trial court erred in failing to rule that Riley timely filed a motion for
rehearing on the motion to recuse;

 

            7)         the
trial court erred in failing to rule that the Texas Rules of Civil Procedure
allow a review on appeal, but not for a mandamus, of a motion to recuse does
not preclude a motion for rehearing filed in the trial court to be considered
by the Texas auxiliary judicial district judge;

 

            8)         the
Texas Rules of Civil Procedure requirement of only written motions for
continuance is a violation of due process of the Fourteenth Amendment to the Constitution
of the United States of America and the Bill of Rights to the Constitution of
the State of Texas.  Riley was thereby
deprived of her constitutional rights of due process and equal protection of
the law under both Constitutions because of an emergency situation;

 

            9)         the
Texas Rules of Civil Procedure allowing summary judgment procedures without the
agreement of the opposing party is a violation of due process and equal
protection of the laws under the Constitution of the United States of America
and the Bill of Rights of the Constitution of the State of Texas.  Riley was deprived of her constitutional
rights to due process and equal protection of the laws including the right of a
jury trial under the United States Constitution and the Texas Constitution;

 

            10)       since
the Fourteenth Court of Appeals issued an opinion that they did not have
jurisdiction because the motion for new trial following the judgment to the
contest was not timely filed, there had been no appeal and the petition for
bill of review was properly filed; and

 

            11)       the
trial court erred in ordering that no evidence pertaining to the will could be
presented to the jury during a contest of an application to probate the will
when that was what the trial was about.

 

III.       ANALYSIS
OF POINTS OF ERROR

            A.         The Trial Court Did Not
Err in Granting Summary Judgment

            The
standard for reviewing a summary judgment under Rule 166a(c) of the Texas Rules
of Civil Procedure[10]
is whether the moving party carried its burden of showing that there is no
genuine issue of material fact and that judgment should be granted as a matter
of law.  Shah v. Moss, 67 S.W.3d 836, 842 (Tex. 2001); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991).  Further, a defendant “who conclusively
negates at least one of the essential elements of each of the plaintiff’s
causes of action or who conclusively establishes all of the elements of an
affirmative defense is entitled to summary judgment.”  Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995) (per curiam).  In reviewing a
trial court’s summary judgment, we resolve all doubts against the movant, and
we view the evidence in the light most favorable to the nonmovants.  Diversicare
Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842, 846 (Tex. 2005); KPMG Peat Marwick v. Harrison County Housing
Fin. Corp., 988 S.W.2d 746, 748 (Tex. 1999).  

            The question
before the trial court was whether Riley had shown that she was entitled to an
equitable bill of review.  A bill of
review is an independent action to set aside a judgment (in this case, the
summary judgment) that is no longer appealable or subject to challenge by a
motion for new trial.  Wembley Inv. Co. v. Herrea, 11 S.W.3d
924, 926–27 (Tex. 1999).  The elements necessary to establish
entitlement to an equitable bill of review are well established under Texas
law.  Due diligence must be exercised in
pursuing all adequate legal remedies against a former judgment, and through no
fault of his own, the party must have been prevented from making a meritorious
claim or defense by the fraud, accident, or wrongful act of the opposing party.
 Id.
at 927; see also Caldwell v. Barnes, 154 S.W.3d 93, 96 (Tex. 2004).  If legal remedies were available but ignored,
then relief by equitable bill of review is not available.  Wembley,
11 S.W.3d at 927.  The requirement that a
party diligently pursue its legal remedies is distinct from the discrete
elements necessary to establish entitlement to a bill of review.  Perdue v.
Patten Corp., 142 S.W.3d 596, 606 (Tex. App.—Austin 2004, no pet.).

            The summary
judgment recites the fact that Riley was not present at the hearing and did not
file a response to the motion for summary judgment.  As this Court explained in Rivera v. White, 234 S.W.3d 802 (Tex.
App.—Texarkana 2007, no pet.), the party moving for traditional summary
judgment carries the burden to establish that no material fact issue exists and
that it is entitled to judgment as a matter of law, thus “the nonmovant has no
burden to respond to a summary judgment motion unless the movant conclusively
establishes its cause of action or defense.”  Id.
at 807 n.3 (quoting M.D. Anderson Hosp.
& Tumor Inst. v. Willrich, 28
S.W.3d 22, 23 (Tex. 2000); see also
Rhône-Poulenc, Inc. v. Steel, 997 S.W.2d 217, 223 (Tex. 1999) (“‘The trial
court may not grant summary judgment by default’ for failure to file a response
to a motion for summary judgment ‘when the movant’s summary judgment proof is
legally insufficient.’”); Rizkallah v.
Conner, 952 S.W.2d 580, 582 (Tex. App.—Houston [1st Dist.] 1997, no pet.) (“holding
that lack of response by nonmovant does not supply by default the summary
judgment proof necessary to establish the movant’s right to summary judgment’
and that nonmovant ‘is limited on appeal to arguing the legal sufficiency of
the grounds presented by movant’”) (citing McConnell
v. Southside Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993))).  Because a motion for summary judgment must
stand on its own merits (i.e., it can only be granted if it meets the
qualifications for the grant of summary judgment), the fact that Riley did not
appear at the hearing or timely file a summary judgment response is not outcome
determinative. 

            Thigpen
contends that summary judgment was appropriately granted because Riley failed
to diligently pursue her legal remedies, and, having failed to do so, was not
entitled to a bill of review.  The
summary judgment evidence before the trial court established that Riley did not
timely pursue an appeal of the judgment entered January 30, 2007, based on the
pleadings before the trial court.[11]  The memorandum opinion of the Twelfth Court
of Appeals indicates that although Riley’s motion for a new trial was due to
have been filed on or before March 1, 2007, in accordance with Rule 329b(a) of
the Texas Rules of Civil Procedure,[12]
she did not file it until March 2, 2007. 
It had not been mailed by United States Postal Service mail but, rather,
was sent via Federal Express courier. 
The Twelfth Court of Appeals determined that:

If a document is sent to the proper
clerk by first class United States mail in a properly addressed, stamped
envelope and is deposited in the mail on or before the last day for filing, the
document is deemed timely filed if it is received by the clerk “not more than
ten days tardily.”  Tex. R. Civ. P. 5.  However, this rule does not apply when the
motion for new trial is delivered by Federal Express rather than the United
States Postal Service.  See Ackal
v. Blockbuster, Inc., 08-02-00268-CV, 2002 WL 31151434, at *1 (Tex. App.—El
Paso 2002, pet. denied) (not designated for publication); Carpenter v. Town & Country Bank, 806 S.W.2d 959, 960 (Tex.
App.—Eastland 1991, writ denied). 
Because Appellant’s motion for new trial was not received by the trial
court clerk on or before March 1, 2007, the motion was untimely.

 

            It is
fundamentally important that judgments be accorded finality.  A bill of review seeking to set aside an
otherwise final judgment is therefore scrutinized by Texas courts “with extreme
jealousy, and the grounds on which interference will be allowed are narrow and
restricted.”  Montgomery v. Kennedy, 669 S.W.2d 309, 312 (Tex. 1984); Thompson v. Henderson, 45 S.W.3d 283,
287 (Tex. App.—Dallas 2001, pet. denied). 
Here, Riley was entitled, after an adverse judgment, to pursue the legal
remedy of appeal.  The exercise of due
diligence in the pursuit of all available legal remedies is a prerequisite to
entitlement to an equitable bill of review. 
Wembley, 11 S.W.3d at 926–27.  Said another way, a party who fails to timely
avail itself of available legal remedies is not entitled to relief by bill of
review.  Tice v. City of Pasadena, 767 S.W.2d 700, 702 (Tex. 1989) (orig.
proceeding).  Here, the evidence in the
record establishes that Riley failed to timely avail herself of the legal
remedy of pursing an appeal of the judgment of the trial court.  Because Riley failed to timely pursue her
appeal of the trial court’s judgment, she was required to show good cause for
her failure to do so in order to be entitled to relief by a bill of
review.  Garza v. Atty. Gen. of Tex., 166 S.W.3d 799, 818 (Tex. App.—Corpus
Christi 2005, no pet.).  The record
before the trial court at the summary judgment hearing did not include evidence
of such good cause.  Accordingly, we
conclude that Thigpen carried her burden of showing that there was no genuine
issue of material fact which would preclude her from recovering summary
judgment.  The trial court correctly
entered summary judgment in her favor as a matter of law. 

            B.         The Trial
Court Did Not Err in Failing to Grant a New Trial

            Riley
contends that she was entitled to notice of the hearing date for the motion for
new trial as a matter of due process of law.  LBL Oil Co. v. Int’l Power Servs., Inc.,
777 S.W.2d 390 (Tex. 1989).  Riley is
correct in her contention that once a party makes an appearance in a cause,
that party is entitled to notice of a trial setting as a matter of due process
under the Fourteenth Amendment to the Federal Constitution.  Riley incorporates by reference the exhibits
attached to her second motion to extend time to file her brief in this
Court.  Those exhibits, as discussed
above, indicate that the hearing on Riley’s motion for new trial was set for
June 17, 2009, and that notice of said hearing was not received by Riley until
that very date.  Riley was thus unable to
appear at the hearing.  This concludes
Riley’s argument.  

            To the
extent Riley is complaining of prejudice, we note that the trial court granted
Riley a hearing on her motion to vacate the denial of her motion for new
trial.  In its order denying Riley’s
motion to vacate, the trial court found that the summary judgment denying the
bill of review was entered April 17, 2009. 
Riley’s motion for new trial was filed May 28, 2009, and thus was denied
as untimely filed.[13]  We further note that the motion for new trial
was uncontroverted; lacking contravention, there was no need for an evidentiary
hearing.  Finally, it was within the
power of the trial court to have simply declined to rule on this motion, at
which point it would have been overruled by operation of law on the seventy-sixth
day after the judgment was signed.  Tex. R. Civ. P. 329b(c).  Further analysis of this point of error would
require this Court to perform an independent review of the record and
applicable law to determine the existence of error.  We decline to stray from our role as a
neutral adjudicator and recognize that an appellate court has no duty to make
such an independent analysis to determine whether error exists.  Strange
v. Cont’l Cas. Co., 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet.
denied).  We overrule this point of
error. 

            C.        Waiver of
Additional Appellate Points 

            Riley has
listed a number of additional appellate points. 
However, these issues were not briefed, and none of these issues contain
citations to the record.  Rule 38.1(i) of
the Texas Rules of Appellate Procedure states that the appellant’s brief “must
contain a clear and concise argument for the contentions made, with appropriate
citations to authorities and to the record.” 
Tex. R. App. P.
38.1(i).  This requirement is not
satisfied by merely uttering brief, conclusory statements unsupported by legal
citations.  Valadez v. Avitia, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no
pet.).  Failure to cite legal authority
or to provide substantive analysis of the legal issues presented results in
waiver of the complaint.  Martinez v. El Paso County, 218 S.W.3d
841, 844 (Tex. App.—El Paso 2007, pet. struck). 
Riley has failed to meet this requirement.  Riley’s brief consists largely of a series of
points of error.  These points of error
are not briefed; they are simply restated within the body of the brief.  These points of error are not accompanied by
citations to authority, citations to the record, or substantive analysis of the
legal issues presented.[14]  

            The law is
well established that pro se litigants are held to the same standards as
licensed attorneys and must comply with all applicable rules of procedure.  Valadez,
238 S.W.3d at 845.  A pro se litigant is
required to properly present its case on appeal, just as it is required to
properly present its case to the trial court. 
Martinez, 218 S.W.3d at
844.  If this were not the rule, pro se
litigants would benefit from an unfair advantage over those parties who are
represented by counsel.  Id. 
Therefore, we cannot make allowances simply because a pro se litigant is
not an attorney.  Foster v. Williams, 74 S.W.3d 200, 202 (Tex. App.—Texarkana 2002,
pet. denied).  An appellate court has no
duty to perform an independent review of the record and of the applicable law
to determine whether there was error.  Strange, 126 S.W.3d at 678.  Were we
to do so, we would be forced to abandon our role as neutral adjudicators and
become an advocate.  See Plummer v. Reeves, 93 S.W.3d 930, 931 (Tex. App.—Amarillo 2003,
pet. denied).

            Because the
majority of Riley’s brief fails to comply with the requirements of Rule 38.1(i)
of the Texas Rules of Appellate Procedure, she has waived all appellate points
she may have intended for this Court to address, with the exception of those
points previously addressed in this opinion. 
Valadez, 238 S.W.3d at 845.

IV.       CONCLUSION

                        We
determine that the trial court correctly granted Thigpen’s motion for summary
judgment.  Further, we find no error (to
the extent this issue was briefed) in the denial of Riley’s motion for new
trial.  We conclude that Riley waived all
additional appellate issues due to lack of compliance with Rule 38.1(i) of the
Texas Rules of Appellate Procedure.  

            Accordingly,
we affirm the judgment of the trial court. 


 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January
19, 2010

Date Decided:             January
28, 2010

 

 











[1]To
whom collective reference is hereinafter made in the singular as “Thigpen.”

 





[2]The
summary judgment hearing was previously scheduled to be heard on February 26,
2009.  

 





[3]The
remarks of the trial court at the summary judgment hearing indicate that both
the hearing date of March 27, 2009, and the hearing date of March 30, 2009,
were agreed to by Riley.  There is no
evidence of this agreement in the clerk’s record, and no written order
rescheduling the summary judgment hearing to March 30, 2009.  

 





[4]Riley
represented herself at all stages of the proceedings, from the jury trial
through this appeal.  

 





[5]Previously,
Riley’s motion for new trial was denied as untimely.  On July 18, 2007, the Twelfth Court of Appeals
issued a Memorandum Opinion dismissing Riley’s appeal for lack of jurisdiction
for the reason that the notice of appeal was not timely filed.  

 





[6]Those
findings are: 

 

1) Johnnie Mae Riley sought
to admit to probate an oral rendition of the purported lost holographic will of
Margery Wanda Taylor, which was contested by Thigpen, Meadors, and Suber; 2)
jury trial commenced on January 30, 2007; 3) Johnnie Mae Riley appeared pro se and
announced ready for trial; 4) the jury rendered a verdict for Thigpen, Meadors,
and Suber, and the court entered a judgment denying the will to probate and
finding that Taylor died intestate and that Thigpen, Meadors, and Suber were
her only heirs; 5) Johnnie Mae Riley filed a motion for new trial February 28,
2007, which was denied April 27, 2007; 6) Riley filed a notice of appeal March
2, 2007, more than ninety days after the entry of the judgment; 7) on June 27,
2007, the Texarkana Court of Appeals issued a notice of intent to dismiss
Riley’s appeal for lack of jurisdiction; 8) on July 18, 2007, the Texarkana
Court of Appeals issued a Memorandum Opinion and a Judgment dismissing Riley’s appeal
for lack of jurisdiction for the reason that the Notice of Appeal was not
timely filed; 9) Riley failed to pursue with due diligence all legal remedies
available to her as to the judgment dated January 30, 2007; 10) Respondents are
entitled, as a matter of law, to a summary judgment denying the bill of review
filed by Riley as to the judgment entered in this cause January 30, 2007.

 

We note that some of the documents referenced in the
findings of the trial court do not appear in the record before this Court.  There are, however, certain documents
attached to the affidavit of Vincent L. Dulweber in support of the motion for
summary judgment as to the bill of review. 
These documents include 1) notice of intent to dismiss issued by the
Twelfth Court of Appeals on June 26, 2007, in cause number12-07-00232-CV; 2) a
Memorandum Opinion per curiam issued by the Twelfth Court of Appeals July
18, 2007, in cause number 12-07-00232-CV; and 3) a Judgment issued by the
Twelfth Court of Appeals July 18, 2007, in cause number 12-07-00232-CV.  These documents are incorrectly referenced in
the Dulweber affidavit and in the summary judgment findings as having been
issued by the Texarkana Court of Appeals.

 





[7]In
her motion for new trial, Riley indicates that she traveled from Houston, Texas,
to Longview for the purpose of attending the hearing, but due to previous injuries
and a worsening of her condition, Riley was unable to attend the hearing March
30, 2009.  Riley also claimed, in her
motion for new trial, the unconstitutionality of Rule 166a of the Texas Rules
of Civil Procedure (Tex. R. Civ. P.
166a) on the basis that no oral testimony is permitted, and the presentation of
certain exhibits is prohibited.  

 





[8]The
denial of the motion for new trial was made on the basis that said motion was
untimely filed (summary judgment having been entered April 17, 2009).

 





[9]The
motion to vacate the order denying the motion for new trial was based upon the
fact that Riley did not have notice of the June 17, 2009, hearing on her motion
for new trial.  The relief requested was
a new trial.

 





[10]Tex. R. Civ. P. 166a(c).

 





[11]Those
pleadings include:  1) application to
probate will; 2) contest; 3) final judgment entered January 30, 2007; 4) motion
for new trial filed by Riley February 28, 2007; 5) order denying motion for new
trial entered April 27, 2007; 6) notice of appeal filed by Riley March 2,
2007; 7) affidavit of Dulweber; 8) notice of intent to dismiss issued by the
Twelfth Court of Appeals June 26, 2007; 9) Memorandum Opinion per curiam issued
by the Twelfth Court of Appeals July 18, 2007; and 10) judgment issued by the
Twelfth Court of Appeals July 18, 2007.

 





[12]Tex. R. Civ. P. 329b(a).

 





[13]At
the hearing on Riley’s motion to vacate, Riley contends that she mailed the
motion for new trial to the clerk in a timely fashion, but the mailing was
returned to her.  Riley then sent the
motion for new trial via Federal Express to the office of the clerk. 





[14]The
majority of the points of error listed do not appear to directly complain of
the summary judgment; rather, they complain of various trial court rulings made
during the course of the litigation, with no apparent nexus to the summary
judgment.