**Lowell MERRITT, Appellant,**

v.

**Robert DAVIS, Appellee.**

No. 05–09–01231–CV.

Court of Appeals of Texas, Dallas.

Jan. 27, 2011.

Rehearing Overruled Feb. 23, 2011.

858

Before Justices FITZGERALD, MURPHY, and FILLMORE.

## OPINION

Opinion By Justice FITZGERALD.

Appellant Lowell Merritt sued appellee Robert Davis under Chapter 12 of the Texas Civil Practice and Remedies Code for allegedly filing a fraudulent lien. The trial court granted summary judgment for Davis, and Merritt appealed. We affirm.

### I. BACKGROUND

**A. Facts**

The summary-judgment evidence shows that the following sequence of events preceded the filing of this lawsuit. In or about 2008, Merritt sued a Collin County deputy sheriff named Mike Vance in Collin County justice court, Judge Terry Douglas presiding. Davis, an attorney, defended Vance in that case. In the course of the *Vance* case, Judge Douglas sanctioned Merritt in the amount of $5,500 payable to Vance. The *Vance* case was eventually disposed of by a summary judgment in favor of Vance, and Judge Douglas later signed an abstract of judgment against Merritt in the amount of $5,500. Davis filed the abstract of judgment in Collin County and McLennan County.

**B. Procedural history**

Merritt, acting pro se, then commenced this action against Davis in the 380th District Court of Collin County, Judge Suzanne Wooten presiding.[1] He alleged that Davis had violated Chapter 12 of the civil practice and remedies code by filing an invalid lien. The gist of his claim was that Judge Douglas's sanctions order in the *Vance* case was void because (1) Merritt

Lowell Merritt, Wylie, TX, pro se.

Robert J. Davis, Matthews, Stein, Shiels, Pearce, Knott, Eden, Dallas, TX, pro se.

---

1. Merritt also sued Judge Douglas in a separate action. *See Merritt v. Douglas*, No. 05–09–00180–CV, 2010 WL 2880205 (Tex.App.-Dallas July 23, 2010, pet. denied) (mem.op.).

**860**

had previously filed a motion to recuse Judge Douglas and (2) Judge Douglas denied the motion to recuse without following the procedures set forth in Texas Rule of Civil Procedure 18a. Because the sanctions order was void, Merritt reasoned, the abstract of judgment based on the sanctions order was a fraudulent lien. He prayed for an award of $10,000 plus exemplary damages, as well as an order compelling Davis to "expunge" any liens he had illegally recorded.

Davis filed an answer in which he invoked a number of affirmative defenses and requested sanctions against Merritt for filing a frivolous lawsuit. Davis later filed a motion for summary judgment on the entire case.

Merritt filed several instruments after Davis filed his motion for summary judgment. These included three separate motions for sanctions and a motion requesting Judge Wooten to recuse herself or disqualify herself from presiding over the case. The presiding judge of the administrative region, Judge John Ovard, signed an order denying the motion to recuse. Davis filed a motion for sanctions under Texas Rule of Civil Procedure 13 and Chapters 9 and 10 of the Texas Civil Practice and Remedies Code. In the sanctions motion, Davis requested several kinds of relief, including an order prohibiting Merritt from filing any new lawsuits against Davis without preapproval by the administrative judge of Collin County and an award of attorney's fees payable to him "and/or Collin County."

Judge Wooten conducted a hearing on Davis's motion for summary judgment and motion for sanctions, and at least one of Merritt's motions for sanctions. Davis testified about the time he had spent defending himself and his hourly rate, and he asked the court to award the resulting figure to Collin County "since they are the one ultimately that are going to probably be forced to pay" the attorney's fees. Judge Wooten later signed an order in which she granted Davis's motion for sanctions and ordered Merritt to pay "Collin County, on behalf of Robert J. Davis," Davis's attorney's fees for defending the action. In the same order, she declared Merritt to be a vexatious litigant and prohibited Merritt from suing Davis in the future without preapproval from the administrative judge of Collin County. Judge Wooten signed a separate order granting Davis's motion for summary judgment and dismissing all of Merritt's claims with prejudice. She later signed a third order in which she again declared Merritt to be a vexatious litigant and again prohibited Merritt from suing Davis in the future without preapproval from the administrative judge of Collin County.

Merritt filed a motion for new trial. He then filed a second motion to disqualify Judge Wooten. He also filed two notices of appeal. Judge Fry was assigned to resolve Merritt's second motion to disqualify, and he denied it.

## II. ANALYSIS

Merritt asserts nine issues in his pro se appellate brief. Merritt appears to complain about (1) the summary judgment, (2) the award of attorney's fees, (3) the declaration that he is a vexatious litigant, and (4) the denials of his motions to recuse or disqualify Judge Wooten.

■ The elements of a fraudulent-lien claim under Chapter 12 of the civil practice and remedies code are (1) the defendant made, presented, or used a document with knowledge that it was a fraudulent lien, (2) the defendant intended that the document be given legal effect, and (3) the defendant intended to cause plaintiff physical injury, financial injury, or mental anguish. *Pres-*

*ton Gate, LP v. Bukaty,* 248 S.W.3d 892, 896–97 (Tex.App.-Dallas 2008, no pet.); *see also* TEX. CIV. PRAC. & REM.CODE ANN. § 12.002(a) (West Supp.2010). In his summary-judgment motion, Davis asserted that the evidence conclusively established that his procuring and filing of the abstract of judgment was legal, proper, and in compliance with all laws and rules. Alternatively, he asserted that Merritt could produce no evidence that the procuring and filing of the abstract of judgment were in any way illegal, improper, or in violation of the laws and rules. We construe these summary-judgment grounds as attacking the "fraudulent lien" component of the first element of Merritt's Chapter 12 claim.

■ In his first issue, Merritt argues that Judge Douglas did not enjoy judicial immunity for his action in the underlying *Vance* case in signing the sanctions order after personally denying Merritt's motion to recuse. This argument is immaterial because Judge Douglas is not a party to this litigation and because Davis did not assert judicial immunity as a ground for summary judgment or any other relief. We reject Merritt's first issue on appeal.

■ In Merritt's second issue, he asserts that Judge Douglas's sanctions order in the *Vance* lawsuit was void because Merritt had previously filed a motion to recuse Judge Douglas, and because Judge Douglas denied that motion himself instead of complying with the procedure outlined in Texas Rule of Civil Procedure 18a. He does not explain the legal significance of these facts, but we assume he means to contend that they show that the abstract of judgment in question is a "fraudulent lien" because it is based on a void judgment. We conclude that Merritt's argument fails because rule 18a does not apply to justice

courts. Merritt points out that rule 18a(a) provides for the filing of a motion to recuse or disqualify "in any court other than the Supreme Court, the Court of Criminal Appeals or the court of appeals." TEX.R. CIV. P. 18a(a). Nevertheless, rule 18a is found in Part II of the Texas Rules of Civil Procedure,[2] entitled "Rules of Practice in District and County Courts." Justice courts are governed by Part V of the rules of civil procedure.[3] According to rule 523, the rules for district and county courts also apply to justice courts "insofar as they can be applied, except where otherwise specifically provided by law or these rules." TEX.R. CIV. P. 523. The justice-court rules include their own specific and simplified recusal provision, rule 528. We conclude that the drafters of the rules intended rule 528 to be the sole recusal mechanism in justice court. In so concluding, we agree with the only appellate authority on point that we have found. *See Crowder v. Franks,* 870 S.W.2d 568, 572 (Tex.App.-Houston [1st Dist.] 1993, no writ) ("We hold rule 528 is the exclusive rule applicable to the justice of the peace court for a litigant claiming he can not get a fair and impartial trial in a civil case due to the alleged prejudice of any fact finder, whether judge or jury. Consequently, TEX.R. CIV. P. 18a and 18b ... do not apply in whole or in part to a justice of the peace court in the context of a civil proceeding."). Accordingly, Judge Douglas did not err by refusing to apply rule 18a in the *Vance* case, and the *Vance* judgment was not void. Accordingly, we reject Merritt's argument.

■ In a separate argument within Merritt's second issue, and again in his fourth issue, he argues that Judge Wooten erred by declaring him a vexatious litigant without conducting a hearing. Elsewhere

2. TEX.R. CIV. P. 15–330.

3. TEX.R. CIV. P. 523–91.

in his brief, he also seems to complain that there was no motion to support the judge's action and that he received no notice. He quotes section 11.053 of the civil practice and remedies code, which states, "On receipt of a motion under Section 11.051, the court shall, after notice to all parties, conduct a hearing to determine whether to grant the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 11.053(a) (West 2002). Merritt has not shown that he was deprived of his rights under section 11.053. Davis's motion for sanctions referred to Merritt as a "vexatious litigator" on its first page, and he specifically prayed for an order prohibiting Merritt from suing Davis in the future without permission from the administrative judge of Collin County. This was a sufficient motion to support relief under Chapter 11. Although Merritt asserts that he did not receive notice, he appeared at the hearing of Davis's motion for sanctions and made no complaint about notice when the judge took up that motion. And the record is plain that the trial judge did conduct a hearing that encompassed Davis's motion for sanctions. We reject Merritt's second and fourth issues on appeal.

■ In his third issue, Merritt argues that an appeal of a justice-court judgment to a county court results in a trial de novo and has the effect of vacating and annulling the justice court's judgment. We assume that he makes this assertion to undermine the validity of Judge Douglas's judgment that was later abstracted and thus to support his theory that the abstract of judgment was a "fraudulent lien." We reject Merritt's argument because he cites no evidence that he appealed Judge Douglas's judgment. A party appeals a justice court's judgment by filing an appeal bond or an affidavit of inability to pay with the justice court. See TEX.R. CIV. P. 571, 572; see also Meyers v. Belford, 550

S.W.2d 359, 360 (Tex.Civ.App.-El Paso 1977 no writ) ("The filing of the appeal bond is a prerequisite to the jurisdiction of the County Court."). But Merritt cites no evidence showing that he filed an appeal bond or otherwise properly perfected an appeal from Judge Douglas's judgment. We reject Merritt's third issue on appeal.

■ In his fifth issue, Merritt attacks the trial court's sanctions order to the extent it ordered him to pay $11,248 as attorney's fees and costs, as well as conditional appellate attorney's fees. He asserts that an attorney proceeding pro se cannot recover an award of attorney's fees, citing federal cases holding that a pro se litigant cannot recover attorney's fees under federal civil-rights statutes. See, e.g., Kay v. Ehrler, 499 U.S. 432, 111 S.Ct. 1435, 113 L.Ed.2d 486 (1991); Gonzalez v. Kangas, 814 F.2d 1411 (9th Cir.1987). Merritt's argument is without merit. His cases are factually distinguishable because the trial court in the instant case did not award attorney's fees to Davis; rather, it awarded them directly to Collin County, apparently based on Davis's testimony that Collin County would probably have to pay him for his time defending himself against Merritt's claims. Moreover, his cases are legally distinguishable because those cases involved awards of attorney's fees to a prevailing party under federal civil-rights laws such as 42 U.S.C. § 1988. In the instant case, the trial court assessed attorney's fees against Merritt as a sanction under Texas Rule of Civil Procedure 13 and Chapters 9 and 10 of the civil practice and remedies code. Merritt cites no authority and presents no argument that the trial court lacks the authority to assess attorney's fees against a litigant as a sanction on the facts presented in this case. We reject Merritt's fifth issue on appeal.

In his sixth issue, Merritt quotes sections 82.061 and 82.062 of the government

code and then, in a single, short paragraph, urges us to fine, imprison, or disbar Davis for his "fraudulent" conduct. He does not support his issue with citations to the record or explain the particular facts that would justify penalizing Davis under sections 82.061 and 82.062. "This court is not required to search the record for evidence supporting a litigant's position under particular points of error...." *Most Worshipful Prince Hall Grand Lodge v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.-Dallas 1987, writ ref'd n.r.e.) (en banc). In any event, it appears from Merritt's brief as a whole that his chief complaint against Davis is that Davis successfully argued in the *Vance* case that Merritt's motion to recuse was governed by rule 528 rather than rule 18a. We have already concluded above that Davis's argument was correct. We reject Merritt's sixth argument on appeal.

■ In his seventh issue, Merritt quotes parts of canons 2 and 3 of the Texas Code of Judicial Conduct and argues that Judge Douglas and Judge Wooten violated those canons. He also alludes to Texas Rule of Civil Procedure 18b concerning recusal. First, we reject his reliance on the code of judicial conduct. Merritt cites no authority, and we have found none, to support the proposition that a violation of the code automatically amounts to reversible error. Indeed, there is authority to the contrary. *See Kemp v. State*, 846 S.W.2d 289, 305 (Tex.Crim.App.1992) ("[M]ere violations of the Code of Judicial Conduct, alone, do not constitute reversible error."). The code is designed to provide guidance to judges and "to provide a structure for regulating conduct through the State Commission on Judicial Conduct." Tex.Code Jud. Conduct, Canon 8(A), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. B (West 2005). Moreover, Merritt has not demonstrated any violations of the code by either Judge Douglas or Judge Wooten. As to rule 18b, and construing Merritt's seventh issue to complain about the denials of his motions to recuse Judge Wooten, we conclude that he has not shown any abuse of discretion by the judges who denied those motions. *See* Tex.R. Civ. P. 18a(f) ("If the motion [to recuse] is denied, it may be reviewed for abuse of discretion on appeal from the final judgment."). We reject Merritt's seventh issue on appeal.

In his eighth issue, Merritt argues generally that the filing of a fraudulent lien causes great harm and hardship to the victim, and that Chapter 12 of the civil practice and remedies code was adopted to discourage people from filing fraudulent liens. None of the discussion appearing under Merritt's eighth issue purports to show any specific error by the trial court. We conclude that Merritt's eighth issue presents nothing for us to review.

In his ninth issue, Merritt recounts what happened at the hearing on Davis's motion for summary judgment and both parties' motions for sanctions, and he reiterates his position that the abstract of judgment signed by Judge Douglas was a fraudulent lien because it was based on a void judgment. We have already concluded that Merritt's ground for claiming that the judgment was void—Judge Douglas's refusal to follow the procedures set forth in Texas Rule of Civil Procedure 18a—is without merit. Merritt also makes some additional factual allegations against Davis within his ninth issue, but they are not supported by record references and they are not relevant to his pleaded Chapter 12 claim against Davis. We reject Merritt's ninth issue on appeal.

## III. Disposition

For the foregoing reasons, we affirm the trial court's judgment.