

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-10-00154-CV

JESSE F. REECE SR.                                    APPELLANT

V.

TEXOMA FLEET AND AUTO                                 APPELLEES
REPAIR AND JOHN WELKER

------------

## FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jesse F. Reece Sr., pro se, sued Appellees Texoma Fleet and Auto Repair and John Welker in small claims court alleging negligence and damages in the amount of $5,000. At the close of Reece's evidence, the court granted Appellees' motion for a directed verdict. The judge signed the order on September 16, 2009. Reece attempted to appeal to the district court seeking a

---

[1]*See* Tex. R. App. P. 47.4.

trial de novo.[2] The court received and filed Reece's notice of appeal and affidavit of inability to pay costs on September 22, 2009. At a pretrial hearing, the judge requested that the parties prepare a brief for the court on the issue of whether Reece's affidavit and notice of appeal were timely filed. The court granted Appellees' motion to dismiss with prejudice, reasoning that Reece had failed to timely file a notice of appeal and affidavit of inability to pay costs in lieu of bond. We will affirm the district court's order.

At issue in this appeal is whether Reece's affidavit was timely filed to perfect his appeal from the small claims court to the district court. We review de novo the legal question of whether Reece timely filed his affidavit and thereby conferred jurisdiction on the district court. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex. 1998), *cert. denied*, 526 U.S. 1144 (1999). When the affidavit is not timely filed, the district court is without jurisdiction and the appeal must be dismissed. *See Williams v. Schneiber*, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.).

An aggrieved party may appeal a small claims court judgment to the district court in Wichita County. Tex. Gov't Code Ann. § 28.053 (West Supp. 2010), § 24.132(b). A timely appeal will result in a trial de novo in the district court. Tex. R. Civ. P. 574b. To perfect an appeal from a small claims court, an

---

[2]In Wichita County, an appeal from the small claims court is to the district court. *See* Tex. Gov't Code Ann. § 24.132(b) (West 2004) (stating that, in addition to other jurisdictions prescribed by law, each district court in Wichita County has the civil jurisdiction of a county court).

appellant must file either an appeal bond as required by rule 571 or an affidavit of inability to pay costs under rule 572 and comply with those requirements. *See* Tex. R. Civ. P. 571, 572, 573; *Merritt v. Davis*, 331 S.W.3d 857, 862 (Tex. App.—Dallas 2011, pet. denied); *Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ). An appellant who is unable to pay the costs of the appeal must file an affidavit of inability to pay within five days after the complained-of judgment is signed. Tex. R. Civ. P. 572.

Reece chose to proceed under rule 572 by filing an affidavit of inability to pay. Because the order was signed on September 16, 2009, the affidavit was due by September 21, 2009. *See* Tex. R. Civ. P. 572. The record shows that Reece did not file his affidavit until September 22, 2010.

Reece argues that he sent the affidavit on September 19, 2009, which was prior to the last day to file, so it should be timely under the "mailbox rule." The mailbox rule under rule 5 provides in part that:

> If any document is sent to the proper clerk by *first-class United States mail* in an envelope or wrapper properly addressed and stamped and is deposited in the mail on or before the last day for filing same, the same, if received by the clerk not more than ten days tardily, shall be filed by the clerk and deemed filed in time.

Tex. R. Civ. P. 5 (emphasis added); *see Carpenter v. Town & Country Bank*, 806 S.W.2d 959, 960 (Tex. App.—Eastland 1991, writ denied) (holding that the time for filing was not enlarged because the motion for new trial was sent by UPS instead of by U.S. mail).

Here, the notice of appeal and affidavit were sent by UPS, a private courier, and not by U.S. mail, so the time for filing was not enlarged. *See Carpenter*, 806 S.W.2d at 960*.* Thus, the district court lacked jurisdiction of the appeal because the appeal was not perfected, and it properly granted Appellees' motion to dismiss with prejudice. *See* Tex. R. Civ. P. 573 (stating that appeal is perfected when requirements are met for filing affidavit or bond); *Ashley Furniture Indus., Inc. ex rel. RBLS, Inc. v. Law Office of David Pierce*, 311 S.W.3d 595, 599–600 (Tex. App.—El Paso 2010, no pet.). We overrule Reece's dispositive issue and affirm the district court's order.


BILL MEIER
JUSTICE

PANEL:  GARDNER, MEIER, and GABRIEL, JJ.

DELIVERED:  July 7, 2011

4