02-10-154-CV








 




 
 
 
 
 
  
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
 
 




 

 

NO. 02-10-00154-CV

 

 




 
 
 Jesse F. Reece Sr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Texoma Fleet and Auto Repair and John Welker
 
 
  
 
 
 APPELLEES
 
 




 

 

------------

 

FROM THE 78th
District Court OF Wichita COUNTY

------------

MEMORANDUM
OPINION[1]

------------

          Appellant
Jesse F. Reece Sr., pro se, sued Appellees Texoma Fleet and Auto Repair and
John Welker in small claims court alleging negligence and damages in the amount
of $5,000.  At the close of Reece’s evidence, the court granted Appellees’
motion for a directed verdict.  The judge signed the order on September 16,
2009.  Reece attempted to appeal to the district court seeking a trial de novo.[2] 
The court received and filed Reece’s notice of appeal and affidavit of
inability to pay costs on September 22, 2009.  At a pretrial hearing, the judge
requested that the parties prepare a brief for the court on the issue of whether
Reece’s affidavit and notice of appeal were timely filed.  The court granted Appellees’
motion to dismiss with prejudice, reasoning that Reece had failed to timely
file a notice of appeal and affidavit of inability to pay costs in lieu of
bond.  We will affirm the district court’s order.

          At
issue in this appeal is whether Reece’s affidavit was timely filed to perfect his
appeal from the small claims court to the district court.  We review de novo
the legal question of whether Reece timely filed his affidavit and thereby
conferred jurisdiction on the district court.  See Mayhew v. Town of
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S.
1144 (1999).  When the affidavit is not timely filed, the district court is
without jurisdiction and the appeal must be dismissed.  See Williams v.
Schneiber, 148 S.W.3d 581, 583 (Tex. App.—Fort Worth 2004, no pet.).

          An
aggrieved party may appeal a small claims court judgment to the district court
in Wichita County.  Tex. Gov’t Code Ann. § 28.053 (West Supp. 2010),
§ 24.132(b).  A timely appeal will result in a trial de novo in the district
court.  Tex. R. Civ. P. 574b.  To perfect an appeal from a small claims court,
an appellant must file either an appeal bond as required by rule 571 or an
affidavit of inability to pay costs under rule 572 and comply with those
requirements.  See Tex. R. Civ. P. 571, 572, 573; Merritt v. Davis,
331 S.W.3d 857, 862 (Tex. App.—Dallas 2011, pet. denied); Almahrabi v. Booe,
868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ).  An appellant who is unable
to pay the costs of the appeal must file an affidavit of inability to pay
within five days after the complained-of judgment is signed.  Tex. R. Civ. P.
572.

          Reece
chose to proceed under rule 572 by filing an affidavit of inability to pay. 
Because the order was signed on September 16, 2009, the affidavit was due by
September 21, 2009.  See Tex. R. Civ. P. 572.  The record shows that
Reece did not file his affidavit until September 22, 2010.

          Reece
argues that he sent the affidavit on September 19, 2009, which was prior to the
last day to file, so it should be timely under the “mailbox rule.”  The mailbox
rule under rule 5 provides in part that:

If any document is
sent to the proper clerk by first-class United States mail in an
envelope or wrapper properly addressed and stamped and is deposited in the mail
on or before the last day for filing same, the same, if received by the clerk
not more than ten days tardily, shall be filed by the clerk and deemed filed in
time.

 

Tex.
R. Civ. P. 5 (emphasis added); see Carpenter v. Town & Country Bank,
806 S.W.2d 959, 960 (Tex. App.—Eastland 1991, writ denied) (holding that the
time for filing was not enlarged because the motion for new trial was sent by
UPS instead of by U.S. mail).

          Here,
the notice of appeal and affidavit were sent by UPS, a private courier, and not
by U.S. mail, so the time for filing was not enlarged.  See Carpenter,
806 S.W.2d at 960.  Thus, the district court lacked jurisdiction of the
appeal because the appeal was not perfected, and it properly granted Appellees’
motion to dismiss with prejudice.  See Tex. R. Civ. P. 573 (stating that
appeal is perfected when requirements are met for filing affidavit or bond); Ashley
Furniture Indus., Inc. ex rel. RBLS, Inc. v. Law Office of David Pierce,
311 S.W.3d 595, 599–600 (Tex. App.—El Paso 2010, no pet.).  We overrule Reece’s
dispositive issue and affirm the district court’s order.

 

 

 

BILL MEIER
JUSTICE

 

PANEL: 
GARDNER,
MEIER, and GABRIEL, JJ.

 

DELIVERED:  July 7, 2011








 









[1]See Tex. R. App. P. 47.4.





[2]In Wichita County, an
appeal from the small claims court is to the district court.  See Tex.
Gov’t Code Ann. § 24.132(b) (West 2004) (stating that, in addition to
other jurisdictions prescribed by law, each district court in Wichita County
has the civil jurisdiction of a county court).