**AFFIRMED and Opinion Filed October 31, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01400-CV

### SAMUEL T. RUSSELL, Appellant
### V.
### DALLAS COUNTY, CITY OF DALLAS, DALLAS INDEPENDENT SCHOOL DISTRICT, DALLAS COUNTY COMMUNITY COLLEGE DISTRICT, PARKLAND HOSPITAL DISTRICT, AND DALLAS COUNTY SCHOOL EQUALIZATION FUND, Appellees

### On Appeal from the 160th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. TX-17-00880

## MEMORANDUM OPINION

Before Justices Whitehill, Schenck, and Richter[1]
Opinion by Justice Whitehill

Appellees sued appellant Samuel T. Russell for unpaid property taxes. The trial court rendered judgment against Russell after a bench trial. He appeals pro se and complains principally about the trial judge's failure to recuse himself. Because Russell didn't preserve his recusal argument in the trial court and raises no other meritorious issue, we affirm the trial court's judgment in this memorandum opinion.

---

[1] The Hon. Martin Richter, Justice of the Court of Appeals for the Fifth District of Texas, Retired, sitting by assignment.

## I. BACKGROUND

Appellees sued Russell and two other defendants for unpaid property taxes relating to real property in Dallas.

Russell, acting pro se, answered and filed a document called "Defendant's Countersuit" in which he complained that appellees had obtained a continuance without giving him notice and without informing the court that appellees and Russell had reached a "pre-arranged payment agreement." The countersuit appears to request judgment on the parties' alleged agreement, so we construe it as a counterclaim.

Six days before trial, Russell filed a summary judgment motion.

The trial court held a one-day bench trial and signed a judgment in appellees' favor that same day. The judgment awarded appellees a total of about $20,300.

Russell timely appealed.

## II. ISSUES PRESENTED

Russell presents three issues, but he repeats some of his arguments under more than one issue. Thus, we opt to divide our analysis according to the errors Russell attempts to demonstrate:

1. The trial judge erred by not recusing himself.

2. The trial judge erred by not ruling on Russell's counterclaim or summary judgment motion.

3. The trial judge erred by violating Russell's federal due process rights.

## III. ANALYSIS

### A. Did the trial judge err by not recusing himself?

Russell did not preserve this argument for appeal.

As a general rule, a party may not present a complaint for appellate review unless (i) he made the complaint to the trial court by a timely request, objection, or motion that complied with

any applicable rules and (ii) the trial court either ruled on the request, objection, or motion or refused to rule. *See* TEX. R. APP. P. 33.1(a).

Russell argues that the trial judge should have recused himself under Texas Rule of Civil Procedure 18b(b)(1). Specifically, Russell contends that the trial judge's impartiality could reasonably be questioned because while this case was pending Russell simultaneously appealed a judgment rendered by the same judge in a different case. *See Russell v. Dallas Cty.*, No. 05-17-01475-CV, 2019 WL 911713 (Tex. App.—Dallas Feb. 25, 2019, pet. denied) (mem. op.). But Russell doesn't assert that he filed a recusal motion in the trial court, and we find none in the clerk's record.

"The procedural requirements for recusal are mandatory and failure to file a proper motion will result in waiver of the recusal issue on appeal." *Johnson v. AT&T Servs., Inc.*, No. 05-10-01426-CV, 2012 WL 479736, at *1 (Tex. App.—Dallas Feb. 15, 2012, no pet.) (mem. op.). Because Russell didn't file a proper recusal motion in the trial court, he forfeited his recusal argument.

We overrule Russell's issues to the extent they complain about the trial judge's failure to recuse himself.

## B.    Did the trial judge err by failing to rule on Russell's counterclaim or summary judgment motion?

No. The trial judge ruled on, and rejected, Russell's counterclaim. He did not abuse his discretion by declining to consider Russell's summary judgment motion.

Russell is simply incorrect when he argues that the trial judge didn't rule on his counterclaim. A judgment rendered after a conventional trial on the merits is presumed to dispose of all parties and all claims. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 198 (Tex. 2001). Moreover, the judgment in this case denied all relief not specifically granted and recited that it

"finally disposes [of] all parties and all claims and is appealable." Thus, the final judgment ruled on—and denied—Russell's counterclaim. *See id*. at 206.

Russell also suggests that the trial judge erred by failing to allow either side to address his counterclaim or object to the judge's failure to address the counterclaim. But after appellees rested, the trial judge asked, "Mr. Russell, any exhibits or anything you need to present?" Russell answered, "No, sir, I have no documentation I would like to turn in." After that, the trial judge orally rendered judgment for appellees. Because the record shows that the trial court gave Russell an opportunity to present his case, we reject Russell's suggestion to the contrary.

Russell also seems to complain that the trial judge sua sponte refused to hear Russell's summary judgment motion because Russell filed it within twenty-one days before trial. But this was not erroneous because "[a] court acts properly when it declines to entertain a summary judgment motion filed less than twenty-one days before a trial on the merits." *Rhys v. Wood Cty.*, No. 12-08-00445-CV, 2009 WL 3111043, at *2 (Tex. App.—Tyler Sept. 30, 2009, no pet.) (mem. op.).

We overrule Russell's issues to the extent they complain about the trial judge's failure to rule on Russell's counterclaim or summary judgment motion.

## C. Did the trial court violate Russell's federal due process rights?

Russell failed to preserve this argument for appeal.

He argues that his due process rights were violated because the judge was prejudiced against him. But "[c]onstitutional complaints must be raised below or they are not preserved for appellate review." *Drum v. Calhoun*, 299 S.W.3d 360, 369 (Tex. App.—Dallas 2009, pet. denied); *see also* TEX. R. APP. P. 33.1(a). We have found no appropriate trial court objection preserving this argument.

Russell also invokes the Texas Code of Judicial Conduct in his due process argument. Again, we find no corresponding objection in the trial court to preserve error. Moreover, the Code is not a proper basis for reversible error in an ordinary civil case. *See Schied v. Merritt*, No. 01-15-00466-CV, 2016 WL 3751619, at \*6 (Tex. App.—Houston [1st Dist.] July 12, 2016, no pet.) (mem. op.) (concluding appellate court lacked jurisdiction to address probate court's alleged Code of Judicial Conduct breaches); *Merritt v. Davis*, 331 S.W.3d 857, 863 (Tex. App.—Dallas 2011, pet. denied) (rejecting premise that Code violation was automatically reversible error).

We overrule Russell's issues to the extent they are premised on the Due Process Clause or the Texas Code of Judicial Conduct.

## IV. CONCLUSION

We affirm the trial court's judgment.

/Bill Whitehill/

BILL WHITEHILL
JUSTICE

181400F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SAMUEL T. RUSSELL, Appellant

No. 05-18-01400-CV      V.

DALLAS COUNTY, CITY OF DALLAS,
DALLAS INDEPENDENT SCHOOL
DISTRICT, DALLAS COUNTY
COMMUNITY COLLEGE DISTRICT,
PARKLAND HOSPITAL DISTRICT,
AND DALLAS COUNTY SCHOOL
EQUALIZATION FUND, Appellees

On Appeal from the 160th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. TX-17-00880.
Opinion delivered by Justice Whitehill.
Justices Schenck and Richter participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellees Dallas County, City of Dallas, Dallas Independent School
District, Dallas County Community College District, Parkland Hospital District, and Dallas
County School Equalization Fund recover their costs of this appeal from appellant Samuel T.
Russell.

Judgment entered October 31, 2019.