In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-374 CV


____________________



TRUST FUND FOR DOMINIQUE HAYNES, Appellant



V.



WALDEN ON LAKE CONROE 


COMMUNITY IMPROVEMENT ASSOCIATION, INC., Appellee






On Appeal from the 221st District Court


Montgomery County, Texas


Trial Cause No. 01-10-06733 CV






 MEMORANDUM OPINION 


 This is the second appeal arising from a summary judgment in favor of a property
owner's association. The association sued to collect unpaid annual assessments and to
foreclose on its lien. The trial court granted the association's motion for summary judgment. 
We affirm.

 Walden on Lake Conroe Community Improvement Association, Inc., ("Walden") filed
a suit against the Trust Fund for Dominique Haynes ("the Trust") for collection of past due
fees and for foreclosure of its maintenance lien held on a condominium unit owned by the
Trust. (1)
 Walden served Theresa Hearn-Haynes ("Hearn-Haynes") in her capacity as trustee
of the Trust. Among other pleadings, Hearn-Haynes counterclaimed against Walden. 
Walden filed a summary-judgment motion that the trial court granted against the Trust. 
Hearn-Haynes filed no response to Walden's motion for summary judgment. 

 We previously dismissed the Trust's appeal from the summary judgment because the
summary judgment was not final; it neither disposed of Hearn-Haynes's claims against
Walden, nor contained appropriate finality language. See Hearn-Haynes v. Walden On Lake
Conroe Community Improvement Ass'n, Inc., No. 09-02-491-CV, 2004 WL 1366031, at *2
(Tex. App.- Beaumont June 17, 2004, no pet.)(mem. op.)(not designated for publication). 
After we dismissed the Trust's appeal for want of jurisdiction, Walden filed a motion to sever
Hearn-Haynes's counterclaim in the trial court. On August 11, 2004, the trial court severed
Hearn-Haynes's counterclaim against Walden. 

 On behalf of the Trust Fund for Dominique Haynes, Theresa Hearn-Haynes again
appealed the summary judgment granted to Walden. Because the trial court's severance
under the circumstances here allowed the trial court's partial summary judgment to become
final and appealable, we now have jurisdiction over this matter. See City of Beaumont v.
Guillory, 751 S.W.2d 491, 492 (Tex. 1988); Teer v. Duddlesten, 664 S.W.2d 702, 703 (Tex.
1984); Pan Am. Petroleum Corp. v. Tex. Pac. Coal & Oil Co., 159 Tex. 550, 324 S.W.2d
200, 201 (1959). 

 Hearn-Haynes raises six issues in this appeal. She contends: (1) the trial court lacked
jurisdiction; (2) she has the right to defend the lawsuit as the title is in her name; (3) the trial
court erred by not allowing her the right to defend her own real property; (4) the trial court
erred in granting summary judgment when the trial court had no jurisdiction; (5) a criminal
conspiracy exists between Montgomery County Taxing Authority, Walden, and Montgomery
County district courts and judges to deprive her of real property without due process and just
compensation; and (6) the trial court erred in allowing an unlawful taking of her property. 

 Walden filed a "traditional" motion for summary judgment under Texas Rule of Civil
Procedure 166a. Therefore, Walden had the burden to show that no genuine issue of material
fact existed and that it was entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c);
see Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215-16 (Tex. 2003). 
However, when a movant satisfies its summary judgment burden under Rule 166a(c), the
non-movant must present evidence raising a fact issue in order to defeat summary judgment. 
See Centeq Realty, Inc. v. Siegler, 899 S.W.2d 195, 197 (Tex. 1995); Wickham v. San
Jacinto River Authority, 979 S.W.2d 876, 883 (Tex. App.- Beaumont 1998, pet. denied). In
its summary judgment evidence, Walden established the Trust as the legal owner of the
condominium in question; the legal obligation of the Trust to pay fees and assessments
regarding the condominium; the delinquent amounts owed by the Trust; and Walden's
entitlement to a judgment on the debt. See generally, Sloan v. Owners Ass'n Of Westfield,
Inc., 167 S.W.3d 401, 403-04 (Tex. App. - San Antonio 2005, no pet.). To avoid summary
judgment in Walden's favor, the Trust was required to present evidence raising a fact issue. 
Siegler, 899 S.W.2d at 197.

 Several of the issues raised by Hearn-Haynes are presented for the first time on
appeal. In issues two, three, five, and six, Hearn-Haynes alleges that the trial court erred in
not allowing her, individually, to defend the suit brought by Walden; that various
governmental entities, the courts, and judges were part of a criminal conspiracy attempting
to deprive her of property without due process and just compensation; and that the trial court
erred in allowing an unlawful taking of her property. 

 Because Hearn-Haynes did not present issues two, three, five, and six to the trial court 
in a "written motion, answer, or other response," we cannot consider them as grounds for
reversal of the summary judgment. See Tex. R. Civ. P. 166a(c)("Issues not expressly
presented to the trial court by written motion, answer or other response shall not be
considered on appeal as grounds for reversal."); McConnell v. Southside Independent School
District, 858 S.W.2d 337, 343 (Tex. 1993)(citing City of Houston v. Clear Creek Basin
Authority, 589 S.W.2d 671, 678 (Tex. 1979)). When a non-movant fails to respond to a
summary judgment motion, "the non-movant is limited on appeal to arguing the legal
sufficiency of the grounds presented by the movant." McConnell v. Southside, 858 S.W.2d
at 343 (citing City of Houston v. Clear Creek, 589 S.W.2d at 678). Issues two, three, five,
and six do not attack the legal sufficiency of the grounds presented by Walden and are
overruled.

 In issues one and four, Hearn-Haynes asserts that the trial court had no jurisdiction
over the suit. In her argument regarding these issues, Hearn-Haynes maintains that she was
an indispensable party because she owned the property in question and she was not named
in her individual capacity as a party to the suit. In support of these arguments, Hearn-Haynes
cites no case law and instead directs us to Rule 39 of the Texas Rules of Civil Procedure,
which addresses the joinder of persons needed for just adjudication of a lawsuit. (2)
 

 Walden presented summary judgment evidence showing the real property in question
was conveyed to "Trust Fund for Dominique Haynes by Mother, Theresa Hearn-Haynes,"
grantee. Hearn-Haynes presented no evidence in response to the summary judgment showing
a conveyance to herself in an individual capacity. In addition, if she had an ownership
interest in her individual capacity, Hearn-Haynes should have raised her contention of
individual ownership by seeking relief from the trial court. See Tex. R. App. P. 33.1
(requiring presentation of complaint be made to trial court by timely request, objection, or
motion); Brooks v. Northglen Ass'n, 141 S.W.3d 158, 163 (Tex. 2004)(noting that relief
from absence of indispensable or necessary parties could be sought by urging trial court,
among other possible remedies, to abate case or grant special exceptions.). Also, the Trust
could have raised the issue, if it exists, by filing a verified plea under Rule 93 of the Texas
Rules of Civil Procedure. While Hearn-Haynes filed a plea in abatement alleging defective
service, she did not allege individual ownership as grounds for granting the plea. Finally, we
note that the trial court's judgment is against the Trust, and is not against Hearn-Haynes
individually. Under these circumstances, Hearn-Haynes was required to raise the issue of
her individual ownership, if its exists, with the trial court but did not.

 In Northglen, the Texas Supreme Court concluded that a party complaining of a
nonjoined person's absence waived that complaint by failing to raise it before the trial court. 
Id. In explaining its decision, the Northglen Court quoted the following passage regarding
amendments to Rule 39: 

 Henceforth, it will be rare indeed when an appellate court properly determines
that the trial court lacked jurisdiction to adjudicate a dispute when the
nonjoining person's absence is raised for the first time on appeal by one of the
parties in the trial court, at least insofar as the judgment affects parties who
participated in the trial, directly or indirectly, or who purposely bypassed the
proceedings. The doctrine of fundamental error should no longer protect
persons from the binding force of judgments when they have had an
opportunity to raise the absence of the nonjoined person and waived it.


Id. (quoting William V. Dorsaneo, III, Compulsory Joinder of Parties in Texas, 14 Hous. L.
Rev. 345, 369 (1977)). 

 Hearn-Haynes was served on behalf of the Trust and filed an answer on the Trust's
behalf. In a representative capacity, she participated in the trial court proceedings but did not
raise her individual ownership contention, as she easily could have done. Because she did
not raise any issue with the trial court, Hearn-Haynes has waived any complaint she may
have about her being an indispensable party to the suit. Issues one and four are overruled. 
 We affirm the trial court's judgment.

 AFFIRMED.

 

 ___________________________

 HOLLIS HORTON

 Justice



Submitted on September 7, 2005

Opinion Delivered January 19, 2006

Before McKeithen, C.J., Gaultney and Horton, JJ.



1. Walden informs us that it did not obtain an order of sale seeking foreclosure of its
maintenance lien. According to Walden, the Trust lost the subject property to Montgomery County
pursuant to the County's tax foreclosure suit against the Trust in Cause No. 94-05-00239-TX, 284th
Judicial District Court of Montgomery County, Texas. Walden also says that the property was
purchased by a third party at a constable's sale held pursuant to the taxing entity's judgment, and 
therefore is no longer owned by the Trust. We accept these facts as true because Theresa Hearn-Haynes has not contradicted them. See Tex. R. App. P. 38.1(f).

2. In pertinent part, Rule 39(a) states: 


 (a) Persons to be Joined if Feasible. A person who is subject to service of process shall
be joined as a party in the action if (1) in his absence complete relief cannot be accorded among
those already parties, or (2) he claims an interest relating to the subject of the action and is so
situated that the disposition of the action in his absence may (i) as a practical matter impair or
impede his ability to protect that interest or (ii) leave any of the persons already parties subject to
a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of
his claimed interest. If he has not been so joined, the court shall order that he be made a party. If
he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case,
an involuntary plaintiff.


Tex. R. Civ. P. 39(a).