



# MEMORANDUM OPINION

No. 04-10-00522-CV

**VILLAGE GREEN HOMEOWNERS ASSOCIATION, INC.**,
Appellant

v.

Diane C. **LEEDER** f/k/a Diane L. Albright,
Appellee

From the 37th Judicial District Court, Bexar County, Texas
Trial Court No. 2009-CI-16941
Honorable Janet P. Littlejohn, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:    Catherine Stone, Chief Justice
Karen Angelini, Justice
Marialyn Barnard, Justice

Delivered and Filed:  March 2, 2011

REVERSED AND REMANDED

The trial court granted summary judgment in favor of appellant, Village Green Homeowners Association, Inc. ("Village Green"), awarding actual damages, attorney's fees, and pre- and post-judgment interest.  However, the trial court declined to grant Village Green's request for foreclosure.  On appeal, Village Green contends the trial court abused its discretion by denying Village Green the ability to foreclose its assessment lien.  We must agree and reverse the trial court's judgment and remand.

**BACKGROUND**

Appellee Diane C. Leeder f/k/a Diane L. Albright is the record owner of real property located at 27525 Woodland Green in Boerne, Texas.[1]  The property is located in the Village Green Subdivision ("Subdivision"), Unit 1.  The Subdivision is subject to a Declaration of Covenants, Conditions, and Restrictions ("the Declaration").  The Declaration was executed on November 6, 1997, and was properly recorded in the real property records of Bexar County, Texas on January 14, 1998.  The Declaration includes, in pertinent part, the following:

> 5.2    Every person or entity who is a record Owner of a fee or undivided fee interest in any Lot which is subject, by covenants of record, to assessment by the Association . . . shall be a Member of the Association. . . . Membership shall be appurtenant to and may not be separated from any ownership of any Lot which is subject to assessment by the Association.  Ownership of such Lot shall be the sole qualification for membership.
>
> . . .
>
> 6.1    (a) Assessments established by the Board pursuant to the provisions of this Article VI . . . shall be levied on a uniform basis against each Lot within the Property . . . .
>
> . . .
>
> (b) Each unpaid Assessment together with such interest thereon and costs of collection thereof as hereinafter provided, shall be the personal obligation of the owner of the property against which the Assessment fell due, and shall become a lien against each such Lot and all Improvements thereon.  The Association may enforce payment of such Assessments in accordance with the provisions of this Article.
>
> . . .
>
> 6.6    All sums assessed in the manner provided in this Article Six but unpaid, shall together with interest as provided in Section 6.5 hereof and the cost of collection, including attorney's fees as herein provided, thereupon become a continuing lien and charge on

---

[1] Although the property is located in the City of Boerne, the property lies in Bexar County.

> the Lot covered by such Assessment, which shall bind such Lot in the hands of the Owner . . . .
>
> . . .
>
> (c) . . . Such lien for payment of Assessment shall attach with the priority above set forth from the date that such payment becomes delinquent and may be enforced by . . . (ii) the Association instituting suit against the Owner personally obligated to pay the Assessment and/or foreclosure of the aforesaid lien judicially.

Under the Declaration, Leeder was required to make quarterly assessment payments, which were established by the Board of Directors. Leeder's general warranty deed was recorded in September of 2004. At the time of the suit, Leeder owed $2,545.67. Village Green brought suit on the assessment debt, requesting actual damages, interest, attorney's fees, court costs, and foreclosure. Although Leeder was properly served, she never filed a formal answer, but responded to the suit by filing some incomplete discovery, thereby appearing. *See Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 305 (Tex. 2005) ("[A] party enters a general appearance when it (1) invokes the judgment of the court on any question other than the court's jurisdiction, (2) recognizes by its acts that an action is properly pending, or (3) seeks affirmative action from the court." (citing *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998))). Village Green then filed a motion for summary judgment. Leeder did not file a response, nor did she attend the summary judgment hearing. The trial court granted Village Green's motion for summary judgment, and awarded $3,320.67 in actual damages, $2,250.00 in attorney's fees, and pre- and post-judgment interest. However, the trial court refused to foreclose Village Green's lien on Leeder's property or grant an order of sale. Village Green timely appealed.

**ANALYSIS**

In two issues, Village Green argues the trial court abused its discretion by not foreclosing the lien on Leeder's property for refusing to pay her assessments. We agree.

Village Green moved for summary judgment under 166(a) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 166a. We review the trial court's summary judgment de novo. *See Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 156 (Tex. 2004). In order to prevail, a movant must establish there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. *See id.* at 158. In deciding whether the movant establishes the absence of material fact, "we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Id.*

In order to prevail on its motion for summary judgment, Village Green was required to prove as a matter of law: (1) the existence of a lien against Leeder's property securing payment of the assessments, attorney's fees, costs, and interest; (2) Leeder's failure to pay the debt secured by the lien; and (3) entitlement to foreclosure on the lien against Leeder's property to satisfy the debt. *See Sloan v. Owners Ass'n of Westerfield, Inc.*, 167 S.W.3d 401, 403-04 (Tex. App.—San Antonio 2005, no pet.).

The Texas Supreme Court has held that a homeowners' association's lien is superior to the homeowner's homestead right if the homeowner takes title after the Declaration is filed. *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 635-36. If the Declaration is filed before the homeowner takes possession, the assessment lien runs with the land, and the association has a right of foreclosure if assessments are not paid. *Id.* at 635. "[A] covenant runs with the land when it touches and concerns the land; relates to a thing in existence or specifically binds the parties and their assigns; is intended by the original parties to run with the land; and

when the successor to the burden has notice." *Id.* The Declaration and its covenants, in this case, meet these requirements. *See id.*

This court has also addressed the issue:

> Because all of the obligations intended to be secured by the lien in this case were included in the original Declaration, and because the [homeowners] had notice of both the obligation and the existence of the lien at the time they purchased the property, we conclude that foreclosure is available to the Association as a remedy.

*Sloan*, 167 S.W.3d at 406. Here, as in *Sloan*, Village Green duly recorded their lien years before Leeder purchased the property. Because the contractual lien runs with the land and Leeder had notice of the lien when she purchased the property, foreclosure is proper. *See Harris*, 736 S.W.2d at 635-36; *Sloan*, 167 S.W.3d at 406.

Although the supreme court noted that foreclosure is a harsh remedy when the debt is significantly less than the value of the homestead, the court felt it necessary to "enforce the agreements into which homeowners entered concerning the payment of assessments." *Harris*, 736 S.W.2d at 637. Therefore, we sustain Village Green's issues and reverse and remand the judgment of the trial court so that it may issue an order of foreclosure.

## CONCLUSION

Village Green's issues are sustained, and the cause is reversed and remanded to the trial court for further proceedings consistent with this opinion.

Marialyn Barnard, Justice