**Opinion issued November 4, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00812-CV

————————————

## BRIGHTWATER HOMEOWNERS ASSOCIATION, Appellant

## V.

## FABIAN A. BACA AND MARIELA BACA, Appellees

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case No. 13-DCV-203592

## MEMORANDUM OPINION

Appellant, Brightwater Homeowners Association ("Brightwater"), challenges the trial court's default judgment awarding it damages in its suit against appellees, Fabian A. Baca and Mariela Baca (collectively, the "Bacas"), for

delinquent maintenance assessments. In its sole issue, Brightwater contends that the trial court erred in denying it the remedy of foreclosure on its assessment lien.

We reverse and remand in part.

## Background

In its original petition, Brightwater alleged that the Bacas are the record owners of real property located at 4119 Admiral Court, Missouri City, Texas, further described as:

> Lot Forty-One (41), Block One (1), of Brightwater Estates, an addition in Fort Bend County, Texas, according to the map or plat thereof, recorded in Slide Nos. 1260/A and 1260/B, of the Plat Records of Fort Bend County, Texas.

(the "property"). The Bacas purchased the property, which is located in the Brightwater Estates subdivision (the "subdivision"), "[s]ubsequent to the establishment of" and "expressly subject to" the terms of a "Master Declaration of Covenants, Conditions, and Restrictions for [the] Lakes of Brightwater" ("the Declaration"), which was recorded in the real property records.

Pursuant to the Declaration, "[e]ach owner shall be a member of the Association" and the "covenants and restrictions of [the] Declaration shall run with and bind the land." Under Article IV, "Covenant for Maintenance Assessments," the Bacas were required to make annual assessment payments, which were secured by a "continuing lien" in favor of Brightwater, as follows:

2

> Section 1.    Creation of the Lien and Personal Obligation of Assessments.
>
> Declarant, in the case of each Lot owned within the Property, hereby covenants, and each Owner of any Lot by acceptance of a deed therefor, whether or not it shall be so expressed in such deed, shall be deemed to covenant and agree to pay to the Association: (1) annual assessments or charges . . . .  The annual and special assessments, together with interest, costs and reasonable attorney's fees, shall be a charge and a continuing lien, which lien is hereby created, fixed and forever retained, upon the Lot against which each such assessment is made . . . .  Such lien is hereby assigned to the Association without recourse on Declarant in any manner for the payment of said charge and indebtedness.

The Declaration further provides that Brightwater may seek judicial foreclosure of an assessment lien, as follows:

> Section 5.  Effect of Nonpayment of Assessments:  Remedies of the Association.
>
>  . . . . In the event of a default in payment of any Assessment, whether Annual or Special, the Board may, in addition to any other remedies provided under this Declaration, or by law, enforce such obligation on behalf of the Association by filing a suit for foreclosure of the lien hereinafter described . . . .

Brightwater further alleged that the Bacas owed $4,515.53 in past due assessments, interest, and attorney's fees, and it sought to foreclose on its lien. Brightwater later moved for a default judgment, asserting that on May 16, 2013, it had served the Bacas with citation and the petition at their last known address, which was 4119 Admiral Court, Missouri City, Texas; proof of service had been on file with the clerk of the court for ten days, as required; and the Bacas had not filed an answer.  Brightwater further asserted that, pursuant to the Declaration, it

3

had a lien on the property for unpaid maintenance assessments, accrued interest, attorney's fees, and costs. And it requested foreclosure on its lien.

Brightwater attached to its motion, as its proof of damages, the affidavit of Liz Trapolino, "a property manager with Crest Management Company, the duly authorized managing agent for [Brightwater]." Trapolino testified that she is responsible for the "day-to-day management activities of [Brightwater]," is "aware that [the Bacas] are the record owners of 4119 Admiral Ct., Missouri City, Texas," and there "is still due and owing to [Brightwater] by [the Bacas] . . . $3,379.68" in assessments and collection costs and expenses, pursuant to the Declaration. Brightwater also attached to its motion an affidavit in support of attorney's fees and affidavits of non-military service and certificates of last known address.

The trial court granted Brightwater a default judgment against the Bacas, awarding it damages in the amount of $2,478.00, attorney's fees through trial in the amount of $3,400.00, plus additional attorney's fees in the event of an appeal, and interest. The trial court did not include in its judgment Brightwater's requested language authorizing foreclosure. And the trial court later denied Brightwater's motion to modify the judgment to include the remedy of foreclosure.

## Foreclosure

In its sole issue, Brightwater argues that the trial court erred in not including the remedy of foreclosure in its default judgment because Brightwater is a

4

"mandatory homeowner's association" and the Declaration expressly provides for foreclosure.

We review a trial court's granting of a default judgment for an abuse of discretion. *Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.). At any time after a defendant is required to answer, a plaintiff may take a judgment by default against the defendant if the defendant has not previously filed an answer and the citation with proof of service has been on file with the clerk of the court for ten days. TEX. R. CIV. P. 107, 239. A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Proof is required only with respect to damages that are either unliquidated or not proved by a written instrument. TEX. R. CIV. P. 241, 243.

Landowners "may contract with respect to their property as they see fit, provided the contracts do not contravene public policy." *Inwood N. Homeowners' Ass'n v. Harris*, 736 S.W.2d 632, 634 (Tex. 1987). The developer of a subdivision, as owner of all land subject to the declaration, is entitled to create liens on its land to secure the payment of assessments. *Id.* "Creation of a contractual lien depends only on evidence apparent from the language of the agreement that the parties intended to create a lien." *Id.*; *see Pilarcik v. Emmons*,

966 S.W.2d 474, 478 (Tex. 1998) (noting restrictive covenants subject to same rules of construction and interpretation as contracts). We consider the assessment provisions and lien as a whole and give effect to "the clear and explicit intentions of the parties." *Harris*, 736 S.W.2d at 634; *see Sloan v. Owners Ass'n of Westfield, Inc.*, 167 S.W.3d 401, 404 (Tex. App.—San Antonio 2005, no pet.). Although the "remedy of foreclosure may seem harsh, especially when a small sum is due, the court is bound to enforce the agreements homeowners enter into concerning the payment of assessments." *Harris*, 736 S.W.2d at 636–37.

Here, pursuant to the Declaration, each property owner in the subdivision is required to be a member of the Brightwater Homeowners Association and the "covenants and restrictions of [the] Declaration shall run with and bind the land." The Bacas, by accepting a deed to property in the subdivision, were "deemed to covenant and agree" to pay annual assessments to Brightwater, along with any interest, costs, and reasonable attorney's fees, and to grant a "continuing lien" to Brightwater, as noted above. And the Declaration provides that Brightwater may, in the event of a default, seek judicial foreclosure of an assessment lien.

The Bacas' purchase of property in the subdivision carried the obligation to pay assessments, affixed a continuing lien in favor of Brightwater to secure payment of the assessments, and provided Brightwater with the remedy of judicial foreclosure for nonpayment. *See Harris*, 736 S.W.2d at 636. And Brightwater

6

established that the Bacas were in arrears on their assessments. *See Tex. Commerce Bank, Nat'l Ass'n v. New*, 3 S.W.3d 515, 517 (Tex. 1999) (holding affidavits legally sufficient to support default judgment).

Although Brightwater's copy of the Declaration in the record does not bear the date on which it was recorded in the Fort Bend County real property records and Brightwater did not provide a copy of the Bacas' deed to show that they purchased the property subsequent to the recording of the Declaration, Brightwater did allege in its petition that all lots in the subdivision are governed by the Declaration and the Bacas purchased the property "[s]ubsequent to the establishment" of the Declaration and "expressly subject to" its terms. Ordinarily, pleadings are not evidence; however, no evidence is necessary to support a default judgment because the failure to answer is taken as admitting the allegations in the petition. *See Heine*, 835 S.W.2d at 83; *see also* TEX. R. CIV. P. 243. Accordingly, we hold that the trial court erred in denying Brightwater foreclosure of its lien.

We sustain Brightwater's sole issue.

## Conclusion

We reverse the portion of the trial court's judgment denying Brightwater foreclosure on its assessment lien and remand this case to the trial court to issue an order of foreclosure consistent with this opinion. We dismiss all pending motions as moot.


Terry Jennings
Justice

Panel consists of Chief Justice Radack and Justices Jennings and Keyes.