

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00184-CV

SUNSET HILLS HOMEOWNERS                                    APPELLANT
ASSOCIATION, INC.

V.

FRANK CARROLL                                              APPELLEE

----------

FROM THE 236TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 236-271464-14

----------

## MEMORANDUM OPINION[1]

----------

Appellant Sunset Hills Homeowners Association, Inc. challenges the trial

court's default judgment awarding it damages, attorney's fees, and costs in its

suit against Appellee Frank Carroll to collect unpaid assessments. In its sole

---

[1]*See* Tex. R. App. P. 47.4.

issue, Sunset Hills contends the trial court erred by refusing to include in the default judgment an order authorizing Sunset Hills to foreclose on its assessment lien. We affirm.

**Background**

In its original petition, Sunset Hills alleged that Carroll is the record owner of real property located at 3844 Drexmore Road, Keller, Texas, 76244, further described as:

> LOT 11, BLOCK 4, SUNSET HILLS ADDDITION, AN ADDITION TO THE CITY OF FORT WORTH, TARRANT COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN CABINET A, SLIDE 8794, PLAT RECORDS, TARRANT COUNTY, TEXAS.

The property is located in the Sunset Hills subdivision, and it is burdened by the "Sunset Hills Homeowners Association, Inc.'s Declaration of Covenants, Conditions and Restrictions," which were recorded in the Tarrant County real property records on July 11, 2002. Sunset Hills attached portions of the declaration to its original petition and incorporated them into its petition.

Pursuant to the declaration, "[e]ach Owner of a Lot shall be a member in the Association" and the covenants, restrictions, liens, and easements set forth in the declaration "run with the land and shall be binding upon all persons or entities hereafter acquiring title to or any interest in any portion of the [subdivision]." The declaration required Carroll to pay to Sunset Hills regular assessments, special assessments, and initial assessments. If the assessment payments were delinquent, the declaration required Carroll to pay collection costs, attorney's

2

fees, and interest at the highest rate allowed by law, or, if no such rate was set, at a rate of eighteen percent.

The assessments were secured by an assessment lien in favor of Sunset Hills, and the declaration provided that the lien could be nonjudicially foreclosed or enforced judicially:

> **Section 6.6  Liability for and Enforcement of Assessments.**[2]
>
> . . . .
>
> **(b)    Reservation, Subordination, and Enforcement of Assessment Lien.**  Declarant hereby reserves for the benefit of itself and the Association, a lien (the **"Assessment Lien"**) against each Lot to secure payment of the Assessments imposed hereunder.  Each Owner, by accepting conveyance of a Lot, shall be deemed to have agreed to the reservation of the Assessment Lien. . . .  The Assessment Lien may be non-judicially foreclosed by power of sale in accordance with the provisions of Section 51.002 of the *Texas Property Code* (or any successor provision) or may be enforced judicially.  Each Owner, by accepting conveyance of a Lot, expressly grants the Association a power of sale in connection with the foreclosure of the Assessment Lien.  The Board is empowered to appoint a trustee, who may be a member of the Board, to exercise the powers of the Association to non-judicially foreclose the Assessment[] Lien in the manner provided for in Section 51.002 of the *Texas Property Code* (or any successor statute).  The Association, though duly authorized agents, shall have the power to bid on the Lot at foreclosure sale and to acquire and hold, lease, mortgage and convey the same.
>
> . . . .
>
> . . . .  All late charges, collection fees, service charges[,] and attorneys' fees assessed or incurred due to late payment of

---

[2]The declaration defines "assessments" as "the Maintenance Assessments, Special Assessments and Special Individual Assessments provided for in Article 6."

3

> Assessments shall be charged to an Owner's Assessment account which shall be part of the delinquent Assessment and shall be payable and secured in the same manner as herein provided with regard to Assessments.

Sunset Hills alleged that Carroll owed $4,737.19 in past due assessments, interest, late fees, costs of collection, and attorney's fees, and it attached to its original petition a statement of Carroll's account showing the amount owed.[3]

Sunset Hills made demand upon Carroll for payment of the amount owed, but Carroll had failed and refused and continued to fail and refuse to pay the amount owed. Sunset Hills also filed an assessment lien affidavit in the Tarrant County real property records to provide further notice of the assessment lien.

On April 9, 2014, Carroll was served with citation and the petition by personal service at 3844 Drexmore Road, Keller, Tarrant County, Texas, 76244. Sunset Hills filed a motion for default judgment on May 13, 2014, asserting that Carroll was served by personal service on April 9, 2014, the returned citation had been on file for more than ten days, and Carroll failed to file an answer with the trial court. Sunset Hills attached to its motion a certificate of last known address, an affidavit stating Carroll was not in military service, and the affidavit of Adam Pugh, Sunset Hills's attorney. Pugh testified that Sunset Hills had incurred reasonable and necessary attorney's fees of not less than $1,500 "for the necessary legal representation and services that have been and will be provided

---

[3]The statement reflects that the $4,737.19 was comprised of assessments, late charges, collection fees, and attorney's fees. It does not reflect any interest charges.

4

to [Sunset Hills] through entry of judgment, and that will be reasonably necessary in order to effectuate the enforcement and collections of the judgment rendered in favor of [Sunset Hills] in this case."

The trial court granted Sunset Hills a default judgment against Carroll, awarding Sunset Hills $4,737.19 in damages and $1,500 in attorney's fees, plus costs and postjudgment interest at the rate of five percent per annum. The trial court struck through proposed language in the default judgment providing for foreclosure of the assessment lien. Sunset Hills appealed.

**Analysis**

In its sole issue, Sunset Hills argues that the trial court erred by refusing to include in the default judgment an order authorizing it to foreclose on the assessment lien because the declaration provides for foreclosure.

We review a trial court's granting of a default judgment for an abuse of discretion. *Cottonwood Valley Home Owners Ass'n. v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.). A trial court abuses its discretion if the court acts without reference to any guiding rules or principles, that is, if the act is arbitrary or unreasonable. *Low v. Henry*, 221 S.W.3d 609, 614 (Tex. 2007); *Cire v. Cummings*, 134 S.W.3d 835, 838–39 (Tex. 2004). An appellate court cannot conclude that a trial court abused its discretion merely because the appellate court would have ruled differently in the same circumstances. *E.I. du Pont de Nemours & Co. v. Robinson*, 923 S.W.2d 549, 558 (Tex. 1995); *see also Low*, 221 S.W.3d at 620.

5

At any time after a defendant is required to answer, a plaintiff may take a judgment by default against the defendant if the defendant has not previously filed an answer and the citation with proof of service has been on file with the clerk of the court for ten days. Tex. R. Civ. P. 107, 239. A no-answer default judgment operates as an admission of the material facts alleged in the plaintiff's petition, except for unliquidated damages. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 83 (Tex. 1992). Proof is required only with respect to damages that are either unliquidated or not proved by a written instrument. Tex. R. Civ. P. 241, 243.

Landowners "may contract with respect to their property as they see fit, provided the contracts do not contravene public policy." *Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 634 (Tex. 1987). The developer of a subdivision, as owner of all land subject to the declaration, is entitled to create liens on its land to secure the payment of assessments. *Id.* "Creation of a contractual lien depends only on evidence apparent from the language of the agreement that the parties intended to create a lien." *Id.*; *see Pilarcik v. Emmons*, 966 S.W.2d 474, 478 (Tex. 1998) (noting restrictive covenants subject to same rules of construction and interpretation as contracts). We consider the assessment provisions and lien as a whole and give effect to "the clear and explicit intentions of the parties." *Harris*, 736 S.W.2d at 634; *see Sloan v. Owners Ass'n of Westfield, Inc.*, 167 S.W.3d 401, 404 (Tex. App.—San Antonio 2005, no pet.). Although the "remedy of foreclosure may seem harsh especially

6

when a small sum is due, the court is bound to enforce the agreements homeowners enter into concerning the payment of assessments." *Hudson*, 736 S.W.3d at 603.

In order to foreclose on the assessment lien, Sunset Hills was required to prove (1) the existence of a lien against Carroll's property securing payment of the assessments, late charges, collection fees, and attorney's fees; (2) Carroll's failure to pay the debt secured by the lien; and (3) entitlement to foreclosure on the lien against Carroll's property to satisfy the debt. *See Vill. Green Homeowners Ass'n, Inc. v. Leeder*, No. 04-10-00522-CV, 2011 WL 721260, at *2 (Tex. App.—San Antonio Mar. 2, 2011, no pet.) (mem. op.) (citing *Sloan*, 167 S.W.3d at 403–04). In addition, section 209.0091 of the Texas Property Code required Sunset Hills to send a written notice of Carroll's delinquent assessments and opportunity to cure the delinquency to holders of recorded deed of trust liens that were inferior or subordinate to Sunset Hills's lien:

> (a) A property owners' association may not foreclose a property owners' association assessment lien on real property by giving notice of sale under Section 51.002 or commencing a judicial foreclosure action unless the association has:
>
> > (1) provided written notice of the total amount of the delinquency giving rise to the foreclosure to any other holder of a lien of record on the property whose lien is inferior or subordinate to the association's lien and is evidenced by a deed of trust; and
> >
> > (2) provided the recipient of the notice an opportunity to cure the delinquency before the 61st day after the date the recipient receives the notice.

(b) Notice under this section must be sent by certified mail, return receipt requested, to the address for the lienholder shown in the deed records relating to the property that is subject to the property owners' association assessment lien.

Tex. Prop. Code Ann. § 209.0091 (West 2014).

There are no allegations in the petition stating that Sunset Hills satisfied the requirements of section 209.0091, nor are there any allegations in the petition that there were no holders of recorded deed of trust liens that were inferior or subordinate to Sunset Hills's lien. Thus, we conclude the trial court did not abuse its discretion by refusing to include in the default judgment an order authorizing Sunset Hills to foreclose on the assessment lien. Accordingly, we overrule Sunset Hills's sole issue.

## Conclusion

Having overruled Sunset Hills's sole issue, we affirm the trial court's judgment.

/s/ Anne Gardner
ANNE GARDNER
JUSTICE

PANEL: DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: June 11, 2015

8