**COTTONWOOD VALLEY HOME OWNERS ASSOCIATION, Appellant,**

v.

**Samuel W. HUDSON, III, Appellee.**

No. 11–01–00012–CV.

Court of Appeals of Texas, Eastland.

March 28, 2002.

Lance Williams, Riddle & Williams, Dallas, for appellant.

Samuel W. Hudson, III, Dallas, for appellee.

Panel consists of ARNOT, C.J., WRIGHT and McCALL, JJ.

Opinion

ARNOT, Chief Justice.

This is a default judgment case. Cottonwood Valley Home Owners Association (the Association) sued Samuel W. Hudson, III for nonpayment of homeowners' assessments. Although he received citation, Hudson, a lawyer, failed to appear or file an answer, and default judgment was granted in favor of the Association. We modify and affirm.

On May 18, 2000, the Association sued Hudson to collect unpaid homeowners' assessments. Hudson owned property located at 1217 Travis Circle South in Irving. The property is part of Cottonwood Valley Addition, a development subject to homeowners' assessments as stated in a Declaration filed in the deed of records. The Declaration provides for recovery of interest, collection costs, attorney fees, and expenses in collecting delinquent assessments.[1]

On November 2, 1998, Hudson was notified by certified mail that he owed a total

1. Article 3, section 1 of the Declaration filed with the deed of records provides:

The Declarant for each lot, tract, or parcel of land owned by it within The Properties, hereby covenants, and each purchaser of any such lot, tract or parcel of land by acceptance of a deed therefor, whether or not it shall be so expressed in any such deed or other conveyance, shall be deemed to covenant to pay to the Association: (1) annual assessments or charges (as specified in Section 3 hereof); (2) special assessments for capital improvements (as speci-

fied in Section 4 hereof), all of such assessments to be fixed, established, and collected from time to time as hereinafter provided. Additionally, Article 3, section 3 provides:

Each owner of any part of The Properties shall pay to the Association an annual assessment of sixty cents (0.60¢) per one hundred dollars ($100.00) of value of that portion of The Properties so owned, as assessed by the City of Irving, Texas, for ad valorem tax purposes for the preceding year. The rate of annual assessment may be increased by a vote of the membership

of $1,540.24 to the Association based on his failure to pay assessments. The Association filed a notice of lien, and a letter was sent to Hudson on March 26, 1999, notifying him that the notice of lien would be filed. Another demand letter was sent to Hudson on August 6, 1999. By August 2000, Hudson owed a total of $5,411.45 to the Association for past due assessments, interest charges, and costs advanced by the law firm attempting to collect the debt.

Default judgment was granted in favor of the Association. The judgment granted the amount represented to be due and owing to the Association in the judgment and attorney fees. The judgment did not provide for foreclosure on the assessment lien. The Association filed a motion to modify the judgment, asking the court to grant foreclosure on the assessment lien against Hudson's property. The motion to modify was overruled by operation of law. The Association appeals.

The Association presents the following issues for review: (1) is a mandatory homeowners' association entitled to judicial foreclosure on a duly-recorded assessment lien securing a homeowner's assessment obligation to the Association and (2) when a mandatory homeowners' association requests judicial foreclosure on an assessment lien as part of a default judgment, does the trial court have the discretion to deny the relief of foreclosure?

The standard of review is abuse of discretion. A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without any reference to any guiding rules or principles. *Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997).

■ As an inherent part of the property interest, the purchase of a lot in a subdivision with deed restrictions carries the obligation to pay association fees for maintenance and ownership of common facilities and services. *Inwood North Homeowners' Association v. Harris,* 736 S.W.2d 632, 636 (Tex.1987). The remedy of foreclosure is an inherent characteristic of that property right. *Inwood North Homeowners' Association v. Harris, supra* at 636.

■ In the *Inwood* case, the court noted that, while the remedy of foreclosure may seem harsh especially when a small sum is due, the court is bound to enforce the agreements the homeowners enter into concerning the payment of assessments. The court in *Inwood* found that the homeowners' association is entitled to foreclose on homesteads of owners who have not paid their homeowners' assessments. Even more so, the Association must be entitled to foreclose when the property does not have the homestead protections.

We find that the trial court abused its discretion when it did not grant the Association's foreclosure of its lien. The Association's issues are sustained.

We now turn our attention to Hudson's jurisdictional argument. Hudson did not appeal the judgment of the trial court and did not initially file a brief in this action. Hudson was notified in writing and by telephone of the setting of this case and personally appeared for oral argument. Hudson acknowledged in open court that he had received this court's request for a brief and notice of setting.

of the Association, as provided in Section 5 hereof. The Board of Directors of the Association may, after consideration of current maintenance costs and future needs of the Association, fix the actual assessment for any year at a lesser amount.

Article 3, section 7 provides:
The first annual assessment provided for herein shall commence with the year 1980 and shall continue thereafter from year to year.

At submission before this court, Hudson acknowledged that he had been served with citation in this case. Hudson stated that he did not respond because he had filed for Chapter 13 bankruptcy and believed the trial court's action to have been stayed. Hudson was not aware of the trial court setting and did not appear.

Hudson stated in open court that his bankruptcy proceedings had been voluntarily dismissed. Although requested by this court, Hudson has furnished neither his filing in bankruptcy nor his dismissal. Additionally, this court requested and gave Hudson an opportunity to file an appellee's brief. Hudson's brief addresses a single issue not raised in the Association's brief.

Hudson has not attacked the no-answer default judgment under the usual posture. *Craddock v. Sunshine Bus Lines,* 134 Tex. 388, 133 S.W.2d 124 (1939); *American Commercial Colleges, Inc. v. Davis,* 821 S.W.2d 450 (Tex.App.—Eastland 1991, writ den'd). Rather, Hudson urges that the Association's motion to modify was not timely filed and that this court is without jurisdiction to hear this appeal.

The judgment was signed on August 18, 2000, and the motion to modify was due to be filed on or before September 18, 2000. TEX.R.APP.P. 26.1(a)(1). The motion was file marked "September 19, 2000." Relying on the case of *Carpenter v. Town and Country Bank,* 806 S.W.2d 959 (Tex. App.—Eastland 1991, writ den'd), Hudson contends that the motion to modify is untimely because it was delivered by private courier. However, the present case is factually distinguishable.

■ The Association has established through the affidavits of its counsel and of the individual courier and by the accompanying courier-delivery receipt that the motion was actually delivered to the clerk of the trial court on the September 18 due date. The date an instrument is tendered to the clerk controls even over the file stamp on the document. *Coastal Banc v. Helle,* 988 S.W.2d 214, 216 (Tex.1999); see also *Mr. Penguin Tuxedo Rental & Sales, Inc. v. NCR Corporation,* 787 S.W.2d 371 (Tex.1990). Hudson's sole issue is overruled.

The trial court's judgment is modified to add the following:

It is further ORDERED, ADJUDGED and DECREED that Plaintiff Cottonwood Valley Home Owners Association shall have foreclosure of a lien on the following described property:

Lot 5, Block 3 of Sector VII Cottonwood Valley, Phase I, Area XV, an Addition to the City of Irving, Dallas County, Texas, recorded in Volume 79110, Page 1848 of the Map Records, Dallas County, Texas, together with Consent to Certificate of Correction and Acceptance of Corrected Preliminary Final Plat–Revised filed January 24, 1980, recorded in Volume 80017, Page 1 of the Deed Records, Dallas County, Texas commonly known as 1217 Travis Circle South, Irving, Texas. The lien is set forth in the Corrected Declaration for Cottonwood Valley Area XV field of record at Volume 80038, Page 1192 et seq. of the Deed Records, Dallas County, Texas.

IT IS FURTHER ORDERED by the Court that an order of sale shall issue to any sheriff or constable in the State of Texas, to seize and sell the above-described property the same as under execution in satisfaction of this judgment. The sheriff or other officer executing the order of sale shall place the purchaser of the above-described property in possession within 30 days after the day of sale. The order of sale shall have the same force and effect as that of a writ of possession between the parties in this

action and any person claiming under the defendant by any right acquired pending this action.

As modified, the judgment of the trial court is affirmed.