

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-14-00134-CV

**WOODGLEN HOMEOWNERS ASSOCIATION**,
Appellant

v.

Rachel V. **ODOM**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-15443
Honorable Laura Salinas, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:         Sandee Bryan Marion, Justice
                 Marialyn Barnard, Justice
                 Luz Elena D. Chapa, Justice

Delivered and Filed:  November 26, 2014

REVERSED AND REMANDED

Woodglen Homeowners Association brought suit against Rachel V. Odom to collect

unpaid assessments, late fees, and attorney's fees.  Woodglen also sought a foreclosure.  When

Odom did not file an answer or otherwise respond despite proper service of citation, Woodglen

sought a default judgment.  The trial court granted the default judgment, awarded damages, and

ordered the requested foreclosure, but the trial court did not grant an order of sale.  On appeal, the

issue is whether the trial court erred in granting a foreclosure without an attendant order of sale.[1] We reverse and remand.

## BACKGROUND

A detailed rendition of the facts is unnecessary to our disposition. Accordingly, we provide a brief background for context with regard to the issue presented.

Rachel V. Odom is the record owner of real property in the Woodglen Subdivision. Odom's property is subject to a recorded "Declaration of Covenants, Conditions and Restrictions" ("the Declaration"), which created and organized Woodglen Homeowners Association. Under the Declaration, Odom was required to pay certain assessments. The failure to pay the required assessments result in a lien, held by Woodglen, on Odom's property. The Declaration permits Woodglen to bring a foreclosure action against owners who are obligated to pay the assessment, but do not.

In acccordance with the Declaration, Woodglen brought suit against Odom after she repeatedly failed to pay the required assessments. Odom never filed an answer despite proper service. Following Odom's failure to answer, Woodglen sought a default judgment and foreclosure of its lien. The trial court granted the default judgment and ordered the foreclosure. However, the trial court specifically refused to grant Woodglen an attendant order of sale. After the trial court rendered judgment, Woodglen perfected this appeal.

## ANALYSIS

As noted above, the issue is whether the trial court erred in granting a foreclosure without an attendant order of sale. We hold the trial court abused its discretion by failing to grant an attendant order of sale.

---

[1] Despite notice from this court that the appeal would be submitted without an appellee's brief if Odom failed to file her brief or an extension of time to file her brief, no appellee's brief was filed.

### *Standard of Review*

We review a default judgment for the failure to pay homeowners' assessments under an abuse of discretion standard. *Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.). "A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without any reference to any guiding rules or principles." *Id.* at 603 (citing *Goode v. Shoukfeh*, 943 S.W.2d 441, 446 (Tex. 1997)).

### *Default Judgment and Foreclosure*

Woodglen presents its issue as if the trial court failed to grant the requested foreclosure. However, our review of the judgment establishes the trial court granted the foreclosure, but denied the attendant order of sale, effectively nullifying the foreclosure. Thus, Woodglen's true complaint is that the trial court erred in denying the request for an order of sale, thereby negating the portion of the judgment granting the foreclosure. The question is whether a trial court may order a foreclosure under the circumstances of this case without also granting an order of sale. We hold that it may not.

The Texas Rules of Civil Procedure provide that a foreclosure shall, under most circumstances, be accompanied by an order of sale. TEX. R. CIV. P. 309. Specifically, Rule 309 states:

> Judgments for the foreclosure of mortgages and other liens shall be that the plaintiff recover his debt, damages and costs, with a foreclosure of the plaintiff's lien on the property subject thereto, and, *except in judgments against executors, administrators and guardians*, that an order of sale shall issue to any sheriff or any constable within the State of Texas.

TEX. R. CIV. P. 309 (emphasis added). Although the trial court ordered the foreclosure, it did not grant an order of sale. Rule 309 mandates that in most cases a judgment for the foreclosure of a lien be accompanied by an order of sale. *Id.* The exceptions to the mandated order of sale do not

apply in this case.  By refusing to grant the order of sale, the trial court rendered the grant of the foreclosure meaningless.  *See id.*  Without an order of sale, there can be no actual foreclosure.  *See id.*  There is no record of the hearing and nothing in the clerk's record to explain why the trial court ordered a foreclosure without an attendant order of sale.  We therefore hold the trial court abused its discretion in failing to grant an order of sale as mandated by Rule 309.

## CONCLUSION

Based on the foregoing, we sustain Woodglen's sole issue.  Accordingly, we reverse the trial court's judgment and remand this cause to the trial court for further proceedings consistent with this court's opinion.  More specifically, we remand the matter for rendition of judgment that includes an order of sale.

Marialyn Barnard, Justice