**Reverse in part and Remand; Affirmed; Opinion filed May 14, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00689-CV

**GATEWAY ESTATES HOMEOWNERS ASSOCIATION, INC., Appellant**
**V.**
**SHEILA M. LARRY, Appellee**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02404-A**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Myers, and Justice Evans
Opinion by Justice Evans

This is an appeal from a summary judgment granted in favor of Gateway Estates Homeowners Association, Inc. for unpaid assessments owed by Sheila M. Larry. In a single issue, Gateway contends the trial court erred in failing to order that its lien on Larry's property be foreclosed and granting an order of sale as part of the summary judgment. We agree. Accordingly, we reverse the trial court's judgment in part and remand the cause for issuance of an order of foreclosure.

### FACTUAL BACKGROUND

On March 10, 2014, Gateway Estates Homeowners Association, Inc. filed suit against Sheila M. Larry seeking to recover unpaid property owner assessments and attorney's fees. Gateway also sought foreclosure of its lien on the property and an order of sale to satisfy the judgment pursuant to a contractual lien created by the Declaration of Covenants, Conditions and

Restrictions for Gateway Estates on file in the Dallas County real property records. Larry was served with process on March 18 and filed a pro se answer on April 14.

On April 22, Gateway filed a motion for summary judgment on its claim attaching (1) an authenticated copy of the Declaration, (2) the affidavit of Gateway's accountant showing the amount of past due assessments Larry owed, and (3) an affidavit by Gateway's attorney in support of an award of attorney's fees. Larry did not file a response. On May 19, 2014, the trial court signed a final summary judgment in favor of Gateway awarding it $5,911 in fees due and owing together with post-judgment interest and attorney's fees. The court refused, however, to order foreclosure of Gateway's lien on Larry's property or issue an order of sale. Gateway now brings this appeal.

## ANALYSIS

In its sole issue, Gateway contends the trial court erred in refusing to render, as part of the summary judgment in its favor, an order allowing foreclosure of the contractual lien on Larry's property. We review a trial court's summary judgment de novo. *See, e.g.*, *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010); *Nixon v. Mr. Prop. Mgmt. Co., Inc.*, 690 S.W.2d 546, 548 (Tex. 1985). A traditional summary judgment may be granted only if the movant demonstrates there are no genuine issues of material fact and it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Nixon*, 690 S.W.2d at 548–49.

The purchase of property within a deed restricted subdivision carries with it the obligation to pay association fees for maintenance and ownership of common facilities and services. *See Inwood N. Homeowners' Ass'n, Inc. v. Harris*, 736 S.W.2d 632, 636 (Tex. 1987). The remedy of foreclosure is an inherent characteristic of that property right. *Id*. Although the remedy may seem harsh, a homeowners association has the right to foreclose its contractual lien on the houses of delinquent owners. *Id*. at 637. If an association shows, as a matter of law, that

a delinquency and a contractual lien exist and the lien may be foreclosed upon to satisfy the debt, the trial court may not refuse to enforce the association's right of foreclosure. *See Cottonwood Valley Home Owners Ass'n v. Hudson*, 75 S.W.3d 601, 603 (Tex. App.—Eastland 2002, no pet.); *Village Green Homeowners Ass'n, Inc. v. Leeder*, No. 04-10-00522-CV, 2011 WL 721260, at *2 (Tex. App.—San Antonio March 2, 2011, no pet.) (mem. op.).

When the trial court in this case granted summary judgment in favor of Gateway on its claim against Larry for unpaid assessments, it necessarily concluded Gateway was entitled to judgment in its favor as a matter of law. The summary judgment evidence included both an affidavit demonstrating delinquency and a declaration showing a contractual lien on the property. There is no indication the trial court concluded there were any fact issues with respect to the enforceability of Gateway's contractual lien, nor do we see any in the record. Because Gateway demonstrated its entitlement to judgment as a matter of law, the trial court erred in refusing to order the foreclosure. *See Leeder*, 2011 WL 721260, at *2.

## CONCLUSION

Based on the foregoing, we reverse the portion of the trial court's judgment declining to order foreclosure of the contractual lien on Larry's property and remand the cause to the trial court for issuance of an order of foreclosure and further proceedings consistent with this opinion. In all other respects, the judgment of the trial court is affirmed.


140689F.P05

/David Evans/

DAVID EVANS
JUSTICE

–3–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GATEWAY ESTATES HOMEOWNERS
ASSOCIATION, INC., Appellant

No. 05-14-00689-CV  V.

SHEILA M. LARRY, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-02404-A.
Opinion delivered by Justice Evans. Chief
Justice Wright and Justice Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment declining to order foreclosure of Gateway Estates Homeowners Association, Inc.'s contractual lien on the property of Sheila M. Larry.  We **REMAND** this cause to the trial court for issuance of an order of foreclosure and further proceedings consistent with this opinion. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that appellant Gateway Estates Homeowners Association, Inc. recover its costs of this appeal from appellee Sheila M. Larry.


Judgment entered this 14th day of May, 2015.